Locke
 
 —Judge,
 

 delivered the opinion of the court. — The ru*e rpSar^ costs in England seems to be accurately |aj(] down in 2nd Bac. Ab. 446, and in the cases there rc-ferred to. Executors and Administrators when plaintiffs „ . , pay no costs, tor they sue in
 
 Muter JJroit,
 
 and are but trus-for the creditors
 
 ;
 
 they are not presumed
 
 to
 
 be sufE-c*eillty cognizant of the personal contracts óf those whom they represent, and are therefore not within the statutes of acts of Parliament relative to costs. Wherever they sue
 
 *103
 
 in
 
 Jluter Droit,
 
 they pay no costs ; but if tiiey bring .suit in their own right, as for a conversion or trespass in their own time, they shall pay costs, though they name themselves Executors or Administrators; for this is but Saik. 314, El«is
 
 vs.
 
 Mocato. To apply this rule to the present case, it would seem clearly to result that the Ad mi-mstrator is not liable to pay,
 
 de ion,is propriis,
 
 the costs incurred during the time of his intestate b-ing a party or during his own time. But the court think he is liable arid ought to pay both, out of the assets in his hands, if any such .
 
 y
 
 remain. For all the costs incurred, during tire pendency of the suit, became a debt for which the estate of the intestate ought to be responsible.
 

 In cases, therefore, where Administrators sue in
 
 Jluter Droit
 
 and fail, having no assets of the deceased wherewith the costs can be discharged, the court are of opinion that the costs are lost, as there is.no person properly liable to pay them •; unless such Administrators should give bond and security for payment of costs, and then such security is liable on the principle of the case determined by this court at this term, Hostler’s Administrators vs. Benjamin Smith.