Daniel, J.'
 

 Our Act of Assembly declares, that, in all cases whatsoever, the party, in whose favor judgment shall be given, shall be entitled to full costs. But it has been decided, as long ago as the year,
 
 1808,
 
 that, when executors and administrators sue
 
 in autor droit,
 
 they are not liable
 
 de bonis propriis
 
 for costs, when they are cast.
 
 Arrington
 
 v.
 
 Coleman
 
 1 Mart. Rep. 102. .
 

 The rule appears to be the same here, as it is in England. There, by the Statute 23
 
 Hen. 8, ch. 15, It
 
 is enacted, that, “ if the plaintiff be non-suited, or a verdict pass by lawful trial against him, the defendant shall have judgment to recover his costs, and shall have such execution for the same, as the plaintiff should have had, in case the judgment had been for him.” And, in that country it has always been held, that an executor or administrator was not within the operation of the Statute: so that when they are plaintiffs, they pay no costs, for they sue
 
 in autor droit,
 
 and are but trustees for the creditors, and are not presumed to be sufficiently conusant in the personal contracts of those they represent. And this is by an equitable construction of the Statute, for there are no express words in it, to exempt them. 2
 
 Bac. Ah. (cost) I), and E.
 
 
 *203
 
 and the cases there cited. So, in onr Act, there are no express words to exempt executors and administrators, but it was early held, that they could not have been intended by the Legislature to be included in it, because they do not sue for themselves. That -must be certified to the Superior Court, in order that the execution may foe set aside. Tkte appellant must pay the costs of this Court.
 

 Pjjr Corj.ui. Ordered accordingly.