Battle, J.
 

 This is an appeal from the interlocutory order of the Court of Equity for the County, of Beaufort, refusing to dis-pauper the plaintiff, suing as tne administrator of Bryan Cutler, deceased. An order had been -made on the filing of the bill, per-initting him to sue
 
 in formdpauperis-,
 
 upon his affidavit, that the
 
 *140
 
 estate of his intestate was insolvent, except as to its interest in the property sued for. Upon the coming in of the answer the motion was made, from the refusal to grant which, the appeal was taken. We think the motion was a proper one and ought to have been allowed.
 

 The permission to sue
 
 in forma
 
 pauperis, was founded upon the provision in the 47th section of the 31st chapter of the Revised Statutes, which is in the following words :
 
 “
 
 Every poor person or p'ersons which have or hereafter shall, have cause of action or« -actions against any other person or persons, either in law or equity, shall have at the discretion of any one of the Judges of the Supreme or Superior Courts, a writ or writs at law, or writ of subpoena in equity, according to the nature of their causes, paying no costs on the same, nor giving any security therefor,”
 
 &c.
 
 This enactment was taken from the statute, 11 H. VII, ch. 12, and
 
 mutatis mutandis,
 
 is substantially the same. The construction which has been put upon the English statute, may therefore very properly be applied to ours. The authorities referred to by the counsel, very clearly show that'it is well settled in England, that no person can sue
 
 in forma
 
 pauperis, in a merely representative 'character.
 
 Paradise
 
 v.
 
 Shephard,
 
 1 Dick. Rep. 136. 1 Daniel’s Ch. Prac. 42. And a very good reason may be given for it, to wit,'that though the estate in right of which the executor or administrator wishes to sue may be insolvent, the creditors,legatees or next of kin, for whose benefit the suit is to be brought, may be amply able to give security and pay costs.
 

 The order in this case having been improvidently granted, ought to have been rescinded upon the defendant’s motion ; .and the refusal to do so was erroneous. The interlocutory order must be reversed, and the opinion will be certified as the law directs. „
 

 Pee Curiam. Order reversed.