J .J. OSBORNE, Assignee vs, JOSEPH HENRY.

1. Questions of costs and security for the prosecution of suits, should as a general rule, be left to the presiding Judge in the Court below, yet a defendant is entitled to invoke the supervisory power of the Supreme Court to protect his rights in regard to the costs of litigation.

2. When an assignee in bankruptcy proposes to take the place of the original plaintiff in a suit, he ought to be required to give an undertaking, or make a money deposit out of the fund, sufficient to cover the costs.

3. Whether an assignee in bankruptcy can sue *in forma pauperis.* Quere? It would seem to fall under the principle, that executors and administrators are not embraced within the provisions of law allowing persons to sue *in forma pauperis.*

This was a rule for security, heard before Cannon, Judge, Spring Term, 1870, of Henderson Superior Court.

An action was brought by one Israel against the defendant for the conversion of a mule. After the suit was brought Israel became a bankrupt, and the plaintiff was appointed his assignee, and on motion was made party plaintiff in the place of Israel.

A rule for better security was taken upon the assignee, who answered upon affidavit "that said bond was good at the beginning of the suit, and that he was not able to give better security," and asked to be allowed to prosecute with the existing security, which was allowed by the Court.

The defendant at the next term moved to dismiss for want of a prosecution bond, and for "insufficiency of the application to prosecute with existing security." . The motion was overruled and the defendant appealed to the Supreme Court.

*Ovide Dupré,* for plaintiff.
*D. Coleman,* for defendant.

PEARSON, C. J. At first we were inclined to the opinion that all questions of costs and security for the prosecution,

J. J. OSBORNE *v.* JOSEPH HENRY.

ought to be left to the legal discretion of the Judge in the Court below, and we were reluctant to interfere with his ruling because he being on the spot, could form a better opinion of what would further the ends of justice, from the surroundings of the case, than we are in most cases able to do; such matters as a general rule should be left to him. But our conclusion is, that defendants are entitled to invoke the supervisory power of this Court, in order to protect their rights, to be secured in regard to the costs of the litigation.

Here the assignee in bankruptcy proposes to take the place of the original plaintiff, and to proceed with the case for the benefit of the fund in bankruptcy, without making any provision for the costs of the prosecution. He puts his application upon an affidavit, which is wholly deficient in that degree of candor and fair dealing, which a Court has a right to expect. "Said bond was good at the beginning of the Court," leaving it to be inferred that it was not good now; "he is not able to give better security," leaving it to be inferred that he is not able to give the security required by law; and on this he asks "to be allowed to prosecute with existing security," that is, no security at all.

Had Osborne made application to sue "*in forma pauperis*," it would have presented the question whether an assignee in bankruptcy can be allowed to sue without giving security or making a money deposit, which it seems would fall under the principle that an executor or administrator is not embraced in the provision for suing "*in forma pauperis*," but he seeks to get rid of that objection on the ground of an "existing security," which as we have seen is worthless. Even supposing that the security of Israel, the original plaintiff, was solvent and willing to continue bound in the new aspect, which the case had assumed by the intimation of Osborne the assignee.

In the absence of both of these facts, we see no reason why the defendant has not a right to insist upon being secured as to the costs of the litigation. This objection was taken in "apt time."

There is error in the ruling of His Honor, which the Court can review : Osborne when he applied to be made plaintiff, and to be allowed to proceed with the action for the benefit of the fund in bankruptcy, ought to have been required to give an undertaking or make a money deposit out of the fund, sufficient to cover the costs.

If the objection had not been taken in "apt time." and the case had been allowed to go on until it was called for trial, His Honor might well have exercised the discretion to order the trial to proceed, without further security, inasmuch as no further costs would be incurred, and the motion to dismiss at that stage would have been a manifest attempt to stifle justice.

Error, this will be certified.

PER CURIAM.                                        Judgment reversed.