MARY PORTER *v.* LEVI JONES.

Residents of other States in the Union can sue in the Courts of this State, *in forma pauperis.* Code of Civil Procedure, sec. 72.

MOTION heard before *Mitchell, J.,* at the Fall Term, 1872, of the Superior Court for ALLEGHANY county.

The defendants filed an affidavit charging that the plaintiff had sued *in forma pauperis,* and that she was a non-resident, living in the State of Tennessee. The facts stated were admitted by plaintiff. The defendant then moved to dismiss the action upon the ground that a non-resident cannot sue as a pauper in the Courts of this State. His Honor refused to allow the motion. Defendant appealed.

*Folk* and *Armfield,* for appellant.

*J. W. Todd,* for plaintiff.

SETTLE, J. The sole question in this case is, can a non-resident of this State, but a resident of another State in the Union, sue in our Courts as a pauper ?

The Code of Civil Procedure, sec. 72, enacts, that "any Judge of the Superior Court may authorize *any person* to sue as a pauper," when he shall comply with the terms of the act, &c., &c.

The expression, *any person,* is very broad and comprehensive, as is also the language in the Revised Statutes, chap. 31, sec. 47, and in the Revised Code, chap. 31, sec. 43, but we can find no case in this State in which the right of a citizen of another State to sue as a pauper has come under review.

If we admit, as was argued by the able counsel for the defendant, that in England foreigners were excluded from the benefit of this class of legislation, still that does not establish the position for which he contended ; for while the States of this Union are sovereign and independent for certain purposes, they are united for others.

A citizen from a sister State stands on a very different footing from a citizen of a foreign government ; for the Constitution of the United States declares that " full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State." And again, " The citizens of each State shall be entitled to all privileges and immunities of citizens in the several States." These quotations illustrate the comity which our forefathers thought should exist between the citizens of the several States.

It cannot be that precedents from the English books can afford light in construing the relations between citizens of the several States of the Union.

Our conclusion is, that there was no error in the ruling of

his Honor, permitting the plaintiff, who resides in Tennessee, to sue in our Courts as a pauper.

This will be certified.

PER CURIAM.                              Judgment affirmed.