BRENDLE *v.* HERON and others.

J. H. N. BRENDLE, by guardian, *v.* A. J. HERON and others.

The Clerk of the Superior Court, as well as the Judge, may make an order for a plaintiff, whether an adult or an infant, suing by his guardian, to sue *in forma pauperis* in the Superior Court upon complying with the provisions of the act of 1868-'69, ch. 96, sec. 1.

Though a complaint has not been filed in proper time, the Judge may, in his discretion, permit it to be filed afterwards.

(*Rowark* v. *Gaston*, 67 N. C. Rep. 291, cited and approved.)

This was a CIVIL ACTION, in which the plaintiff, a minor, sue1 by his guardian as a pauper, and which was heard before his Honor, *Cannon, J.*, upon a motion to dismiss, at the Fall Term, 1872, of HAYWOOD Superior Court. The facts of the case are sufficiently stated in the opinion of this Court.

*D. Coleman*, for plaintiff.
No counsel in this Court for defendant.

RODMAN, J. The defendants moved to dismiss the action, because:

1. No complaint had been filed. The Judge allowed plaintiff until the next day to file his complaint, which was done. This was certainly within his discretion.

2. No prosecution bond had been given. The plaintiff had been allowed to sue as a pauper by the Clerk of the Court. The question as to an adult plaintiff is decided in *Rowark* v. *Gaston*, 67 N. C. Rep. 291. It can make no difference that the plaintiff is an infant, who has no property except that in suit, who sues by a guardian who is a pauper. See *Anonymous*, 1 Marsh, 4. (4 E. C. L. R.) The Act of 1869, ch. 96, requires one who applies to sue in *forma pauperis* to "prove by one or more witnesses that he has a good cause of action."

This does not expressly require that he shall have the certificate of an attorney to that effect. But we think that up-

on a fair construction of the act, no officer authorized to make the order, should do so, (at least in general,) without such certificate. The act, however, is only directory, and the matter is necessarily almost entirely in the discretion of the Judge.

We may be permitted, we hope without offence, to say to the bar, that in a case like this, where the parties (or at least one of them) are poor, and the matter in controversy of inconsiderable value, and the question one which plainly rests, greatly, if not entirely in the discretion of the Judge, appeals to this Court should not be encouraged.

Judgment affirmed and action remanded.

Let this opinion be certified.

PER CURIAM.                               Judgment affirmed.