## LUKE MASON *v.* JAMES OSGOOD.

Administrators and all other parties to the record, prosecuting or defending, are permitted under the act of 1873–'74, chap. 60, sec. 1, to appeal to the Supreme Court, without giving security therefor.

PETITION for a *certiorari* to be directed to the Judge and Clerk of the Superior Court of CRAVEN county, to remove a judgment and certain proceedings in the case to this Court.

It is stated in the petition that the plaintiff obtained a judgment against the petitioner, the defendant, as administrator, from which he desired to appeal, but was unable to give security, and for that reason his Honor refused to grant it.

His Honor, Judge CLARKE, in certifying the proceedings, states as his reason therefor that the Court had decided that an administrator cannot appeal in *forma pauperis.*

*Hubbard* and *Lehman,* for petitioner.
*Smith & Strong* and *Haughton,* contra.

BYNUM, J. This is an application for a *certiorari* upon the ground that his Honor refused to allow the defendant to appeal from his judgment to the Supreme Court without giving an appeal bond and security, he having filed the certificate and affidavit required by law. The motion is founded upon chap. 60, sec. 1, Acts of 1873-'4, the material fact of which is as follows: " That when any party to a civil action tried and determined in the Superior Court shall at the time of trial desire an appeal from the judgment rendered in said action to the Supreme Court, and shall be unable, by reason of his poverty, to give the security required by law for said appeal, it shall be the duty of the Judge of said Superior Court, to make an order allowing the party to appeal from said judgment to the Supreme Court, as in other cases of appeal now allowed by law without giving security therefor."

The language of the statute, "when *any* party to a civil action," &c., is so comprehensive that we must suppose it was not called to the attention of his Honor, else he would have held, as we now decide, that administrators and all other parties to the record, prosecuting or defending, are embraced by its terms and its spirit also. It was, therefore, error to refuse to allow the appeal.

The Clerk of this Court will issue the process as prayed for.

PER CURIAM. Judgment, *certiorari* granted.