WM. A. SMITH *v.* THE RICHMOND & DANVILLE R. R. CO.

In an appeal by a defendant to the Superior Court, from a judgment of a Justice of the Peace, it lies within the discretion of the presiding Judge, to require the plaintiff to give security for the further prosecution of the suit, or not.

(*Osborn* v. *Henry,* 66 N. C. Rep. 354, cited and distinguished from this.)

MOTION for plaintiff to give security for the further prosecution of his suit, heard before his Honor, *Judge Schenck,* at Fall Term, 1874, of CABARRUS Superior Court.

Plaintiff sued defendant for damages in a Justice's Court, and obtaining judgment, the defendant appealed. On the trial in the Superior Court, the defendant moved, (having filed an affidavit of the plaintiff's insolvency,) that the plaintiff be re-

quired to give security for the further prosecution of his suit, and on his failure to do so, that the suit be dismissed.

The case states, that " this motion is claimed as a question of right by the defendant." His Honor refused the motion, and the defendant appealed.

*Barringer* and *Bailey*, for appellant.
*Montgomery*, contra.

RODMAN, J. The plaintiff recovered judgment before a Justice of the Peace, and the defendant appealed to the Superior Court, where he moved the Judge, as *matter of right*, to require the plaintiff to give a bond with surety for the prosecution of his action, and on his failure to do so, to dismiss his action.

We think that under sections 295 and 393, C. C. P., and also under chap. 31, sec. 109, of the Revised Code, the Judge had the *power* to require the plaintiff to secure the defendant's costs. Probably he would have this power even in the absence of any statute expressly giving it, by virtue of his general power over the process and proceedings in his Court. But there is no act of Assembly, or any rule of law, which makes it imperative upon a Judge to require such security in all cases. A statute provides that a party may sue in a Superior Court as a pauper, and without a prosecution bond. It follows that he may be permitted in like manner to prosecute a case brought into the Superior Court by appeal from a Justice. The decision of the matter rests entirely in the discretion of the Judge. Perhaps if it appeared in any case, that this discretion had been grossly abused, it might be possible for this Court to give relief. But there is no pretence of that sort here. *Osborne* v. *Henry*, 66 N. C., 354, is not in point.

There is no error. Judgment affirmed. Let this opinion be certified.

PER CURIAM.                    Judgment affirmed.