I. J. HAMLIN, Ex'r. of B. J. CRAWLEY, v. JAMES NEIGHBORS

The executor of a testator, who has been allowed to carry on a suit *in forma pauperis*, may continue such suit without giving bond, if, at the time he applies to be made a party, he files a petition showing a proper case.

(*Mason v. Osgood*, 71 N. C. Rep. 212; *Osborne* v. *Henry*, 66 N. C. Rep. 354, cited and approved.)

CIVIL ACTION, originally commenced by Crawley, tried on a motion in the cause, before Judge KERR at Fall Term, 1875, of RANDOLPH Superior Court.

The Court permitted, on a proper cause shown, Crawley, he testator of the plaintiff, to sue *in forma pauperis*. After the action had been pending in Court for several terms, it was submitted to referees. The defendant excepted to the report of the referees, which exceptions were overruled at Fall Term, 1874, whereupon the defendant gave notice of an appeal to this Court. Pending this appeal, (which has not yet been brought up and docketed in this Court,) and since the Spring Term, 1875, of Randolph Superior Court, the then plaintiff, Crawley, died, leaving a last will, and appointing the plaintiff, I. J. Hamlin, his executor, who proved said will and qualified as executor thereto.

At Fall Term, 1875, of said Superior Court, Hamlin, the executor, upon the suggestion of the death of the former plaintiff, his testator, moved to be made plaintiff in his stead. This motion was opposed by the defendant on the ground, that the case was not within the jurisdiction of the Superior Court of Randolph, an appeal then pending in the Supreme Court; and further, that the privilege of suing *in forma pauperis* was strictly personal, and that an executor had no right to be made a party and allowed to prosecute the suit without filing a prosecution bond.

The executor alleged that there was no assets, the defendant contending to the contrary. No proof in regard to assets was offered by either party.

The motion of the executor was allowed, and the plaintiff allowed to continue the suit without giving bond.

From this ruling, the defendant appealed.

*Mendenhall & Staples, W. Clark, Tourgee* and *Gray & Stamps,* for appellants.

*L. M. Scott,* contra.

READE, J. If the executor, Hamlin, when he applied to be made party plaintiff, had filed a petition and shown a proper case, he might have been permitted under the authority of *Mason* v. *Osgood,* 71 N. C. Rep., 212, to continue the suit in *forma pauperis.* But, as he did not do that, then under the authority of *Osborne* v. *Henry,* 66 N. C. Rep., 354, he ought to have been required to give a prosecution bond.

There is error. Let this be certified.

PER CURIAM.                    Judgment reversed.