CHRISTIAN v. RAILROAD CO.

(Filed November 1, 1904).

1. BONDS — *Executors and Administrators—Costs—The Code, secs. 210, 548, 553, 1498, 1500.*

   A personal representative may sue *in forma pauperis.*

2. APPEAL—*Executors and Administrators—Bonds—Prosecution Bond.*

   The refusal of the trial judge to require a prosecution bond is not appealable.

ACTION by J. B. Christian, administrator of A. B. Wosser, against the Atlantic and North Carolina Railroad Company, heard by *Judge H. R. Bryan,* at October Term, 1904, of the Superior Court of DURHAM County. From an order allowing the plaintiff to sue *in forma pauperis,* the defendant appealed.

*Winston & Bryant,* for the plaintiff.
*W. C. Munroe* and *Fuller & Fuller,* for the defendant.

CLARK, C. J.   This is an action by an administrator for the wrongful death of his intestate, under The Code, sec. 1498.   The plaintiff having been allowed to bring the action *in forma pauperis* under The Code, sec. 210, the defendant moved to require the plaintiff to file a prosecution bond, which the Court refused.   The only point intended to be presented is, whether an executor or administrator can bring an action *in forma pauperis.*   It has been the unquestioned practice since the adoption of The Code, thirty-six years ago, that a personal representative could sue as a pauper upon proper affidavit and certificate.   *Allison v. Railroad,* 129 N. C., at p. 344.   The language of section 210 is "any per-

son." These words are broad enough to include any litigant whatever, and hence residents of another State can sue here *in forma pauperis. Porter v. Jones,* 68 N. C., 320. In *Brendle v. Heron,* 68 N. C., 496, it was held that a guardian could sue *in forma pauperis.* The words in section 553 authorizing "any party" to appeal without giving bond (upon similar affidavit and certificate) were held to include administrators and executors. *Mason v. Osgood,* 71 N. C., 212; *Hamlin v. Neighbors,* 75 N. C., 66.

Under the English law it was held, *Sykes v. Sykes,* 4 L. R., at p. 648, that it "would be contrary to justice and creating a new precedent to hold the insolvency of an executor to be ground for compelling him to give security for costs." Under 23 Henry VIII., in an action by the personal representative on a cause of action accrued during the life-time of the testator or intestate, the executor or administrator was not personally liable for costs (unless he knowingly brought a wrong action or was guilty of negligence or improper conduct), but he was liable when the action was upon a contract made with himself or for a wrong where the right of action accrued to him, because he then sued in his own right and not *en autre droit.* 8 Enc. Pl. & Pr., 728; *Arrington v. Coleman,* 5 N. C., 102; *Collins v. Roberts,* 28 N. C., 201. This distinction explains the case of *McKiel v. Cutler,* 45 N. C., 139, upon which the defendant relies. There the action was brought by the personal representative *en autre droit* and not, as here, in his own right, and it was held that his affidavit that "the estate was insolvent, except as to its interest in the property sued for, was insufficient, for *non constat* the creditors, legatees or next of kin for whose benefit the suit was brought might be amply able to give security and pay costs." But here the cause of action accrued to the plaintiff alone. No one else could bring the action. *Killian v. Railroad,* 128 N. C., 261. It never accrued to the intestate. Though the

recovery must be distributed, as provided by The Code, sec. 1500, it will not be assets of the estate, and the plaintiff sues in his own right and not *en autre droit*. Therefore he is individually liable for costs and must give bond unless excused by leave to sue as a pauper, and an allegation of his inability to give bond.

When the action is by the personal representative to recover on a contract or other claim due his testator or intestate, or the action is to recover property belonging to the estate, the Court may well refuse leave to sue as a pauper, under its discretion (*Dale v. Presnell,* 119 N. C., 489), unless, as said in *McKiel v. Cutler, supra,* it appears that the beneficiaries of the estate cannot give bond, for the officers of the Court ought not needlessly be deprived of pay for their services. But when, as here, the estate is insolvent and the recovery is problematical, if the plaintiff himself is unable to give bond the Court upon proper evidence of a good cause of action should permit the action to be begun *in forma pauperis*. There is no requirement that those who may share in the recovery, if made, shall give bond for costs, as in cases where the action is upon a contract or claim in favor of the intestate or testator or to recover property belonging to the estate.

If the Court had granted the motion and dismissed the action an appeal would lie, because that "determines the action." The Code, sec. 548. But the refusal of a motion to dismiss an action on any ground whatever is never appealable. *Cooper v. Wyman,* 122 N. C., 784, 65 Am. St. Rep., 731, and numerous cases cited in Clark's Code (3 Ed.), p. 738. And a refusal to require a prosecution bond is not a judgment upon the merits of the controversy materially affecting the ultimate result of the litigation so as to require its decision on appeal, and the possible delay of six to eighteen months which a defendant could always obtain by making such collateral motion. The presumption is that the

Court decides correctly. If the final judgment is against the defendant, the judgment refusing to require a bond, even if incorrect, becomes immaterial error, and the appeal is a useless waste of time and expense. If, on the contrary, the defendant obtains the final judgment, the exception brings the point up for review, and, if there is error, judgment will be given requiring the plaintiff to pay costs.

When this case goes back the affidavit should be amended to aver the inability of the administrator himself to give bond, and· on failure to aver this he should give bond. Though we must dismiss the appeal for the reasons given, we pass upon these points, as the Court in its discretion has often done. *State v. Wylde,* 110 N. C., 500. This is the better practice, for the law can thus be settled without authorizing the stopping of the proceedings and delay by appeals on collateral and interlocutory judgments.

Appeal Dismissed.


DOUGLAS, J., concurring only in result. I fully concur with the Court that an executor or administrator can sue *in forma pauperis* under sections 209 and 210 of The Code; but I do not think that it is necessary for the administrator to be personally a pauper in order to do so. The Code nowhere says so. Section 209 provides that the Clerk shall require a bond in the sum of two hundred dollars, or require a deposit of money in like amount or a written authority to sue before issuing summons. Section 210 allows *any person* to sue as a pauper upon proving that he has a good cause of action, and "making affidavit that he is unable to comply with the last section." I understand this to mean that he is unable to comply as administrator. The statute does not say that *any pauper* may be allowed to sue, but that *any person* may sue *as a pauper.* An administrator suing under what, for the want of a better name, may be called Lord Campbell's Act,

rarely, if ever, has any money in his hands belonging to the distributees; and it may often happen that the distributees cannot justify in the necessary amount. I assume that section 209 of The Code contemplates a justified bond, as that is the usual way of determining the sufficiency of the surety. This justification is on the part of the sureties and not of the principal. The solvency or insolvency of the latter makes no difference as far as the bond is concerned. If the principal is insolvent, but yet can obtain sufficient sureties, he must give the bond. On the contrary, if he is solvent and yet cannot give sufficient surety, his bond will not be accepted. In that event he must deposit the $200 in money ·if able to do so; but I do not understand that he is required to deposit his own money when suing *en autre droit*. Neither the letter nor the reason of the law seems to require it. The bond is not required to protect the officers in the payment of their costs, but upon the specific condition that "the plaintiff shall pay the defendant all such costs as the defendant shall recover of him in the action.' The Code, sec. 209.

Moreover, I think that any person has the right of appeal *in forma pauperis* when he brings himself within the terms of the statute.

I am aware that this Court has held that a refusal to dismiss is not appealable, and while I may have some doubts as to the strict correctness of the rule in all cases, it seems too wel settled to be now seriously disturbed. However, I see no reason why an appeal should not lie from a judgment by default and inquiry if its determination might end the case.

I suppose the plaintiff should comply with the terms of the statute as herein construed, and that his failure to do so, either by amendment or a new suit, would entitle the defendant to move for a dismissal; but as the appeal is premature, we can decide the question only by intimation or anticipation.

CHRISTIAN *v.* RAILROAD CO.

WALKER, J., concurring in result. My opinion is that the plaintiff, as administrator, was entitled to sue *in forma pauperis* under section 210 of The Code, if he showed that he had a good cause of action and that he was unable to comply with the requirement of section 209, and further made it appear that those for whose benefit the suit is really brought were insolvent and unable to comply with the provisions of the latter section. The principle decided in *McKiel v. Cutler,* 45 N. C., 139, is applicable to this case. I also think that the defendant had the right to appeal from the refusal of the Court to require the plaintiff to give a prosecution bond to secure the payment of any costs adjudged against him or to file an order of the Judge or the Clerk permitting him to sue as a pauper under section 209, which order should be based upon a proper finding as to the cause of action and an affidavit of inability to comply with section 209 as provided by section 210. It seems to me that the right of appeal in such a case is clearly given by the first part of section 548 of The Code, which reads as follows: "An appeal may be taken from every judicial order or determination of a Judge of a Superior Court, upon or involving a matter of law or legal inference whether made in or out of term, which affects a substantial right claimed in any action or proceeding." If the appeal does not lie until the final judgment is rendered and that judgment is in favor of the defendant, he might have a judgment against the plaintiff for costs, it is true, but of what value would it be to him if the plaintiff is insolvent and the costs are not secured by a bond? At that stage of the case the Court could not compel the plaintiff to secure the costs, because he might well say: "I have lost my case and am out of Court and prefer to stay out." The bond for costs is required as a condition of the plaintiff's enjoying the right to sue and to prosecute his action in the Court and the Court can require it to be given or deny to the plaintiff the right to

sue. But I know of no law by which he can be required to give a bond at the end of litigation when he has been cast in the suit. The defendant will therefore lose a substantial right and be greatly prejudiced if his right to appeal should be postponed until the action has been tried. Indeed it may be doubted if he can appeal at that time, as this Court will not entertain an appeal when the subject-matter of the action has been settled and the only remaining question is one of costs. See cases collected in Clark's Code (3 Ed.), sec. 548, at p. 739. But if an appeal will lie, and the ruling of the Court to which exception has been taken should be reversed, the defendant would find that while nominally successful he has emerged from the contest empty-handed. It would be but another illustration of keeping the word of promise to the ear and breaking it to the hope. In any possible outcome of the case he would have his own costs to pay, if the plaintiff is insolvent.

MONTGOMERY, J., concurs in the concurring opinion of WALKER, J.