This is an action by an administrator for the wrongful death of his intestate, under The Code, sec. 1498. The plaintiff having been allowed to bring the action in forma pauperis under The Code, sec. 210, the defendant moved to require the plaintiff to file a prosecution bond, which the Court refused. The only point intended to be presented is whether an executor or administrator can bring an action in forma pauperis. It has been the unquestioned practice since the adoption of The Code, thirty-six years ago, that a personal representative could sue as a pauper upon proper affidavit and certificate. Allison v. R. R., 129 N.C. at p. 344. The language of section 210 is "any person." These words are broad enough to include any litigant whatever, and hence residents of *Page 235 
another State can sue here in forma pauperis. Porter v. (322)Jones, 68 N.C. 320. In Brendle v. Heron, 98 N.C. 496, it was held that a guardian could sue in forma pauperis. The words in section 553 authorizing "any party" to appeal without giving bond (upon similar affidavit and certificate) were held to include administrators and executors. Mason v. Osgood, 71 N.C. 212; Hamlin v.Neighbors, 75 N.C. 66.
Under the English law it was held, Sykes v. Sykes, 4 L. R., at p. 648, that it "would be contrary to justice and creating a new precedent to hold the insolvency of an executor to be ground for compelling him to give security for costs." Under 23 Henry VIII, in an action by the personal representative on a cause of action accrued during the lifetime of the testator or intestate, the executor or administrator was not personally liable for costs (unless he knowingly brought a wrong action or was guilty of negligence or improper conduct), but he was liable when the action was upon a contract made with himself or for a wrong where the right of action accrued to him; because he then sued in his own right and not en autre droit. 8 Enc. Pl. Pr., 728; Arrington v. Coleman, 5 N.C. 102;Collins v. Roberts, 28 N.C. 201. This distinction explains the case of McKiel v. Cutler, 45 N.C. 139, upon which the defendant relies. There the action was brought by the personal representativeen autre droit and not, as here, in his own right, and it was held that his affidavit that "the estate was insolvent, except as to its interest in the property sued for, was insufficient, fornon constat the creditors, legatees or next of kin for whose benefit the suit was brought might be amply able to give security and pay costs." But here the cause of action accrued to the plaintiff alone. No one else could bring the action. Killianv. R. R., 128 N.C. 261. It never accrued to the intestate. Though the recovery must be distributed, as provided by The Code, sec. 1500, it will not be assets of the estate, and the plaintiff sues in his own right and not en autre droit. (323) Therefore he is individually liable for costs and must give bond unless excused by leave to sue as a pauper, and an allegation of his inability to give bond.
When the action is by the personal representative to recover on a contract or other claim due his testator or intestate, or the action is to recover property belonging to the estate, the Court may well refuse leave to sue as a pauper, under its discretion (Dale v. Presnell, 119 N.C. 489), unless, as said in McKiel v. Cutler, supra, it appears that the beneficiaries of the estate cannot give bond, for the officers of the Court ought not needlessly be deprived of pay for their services. But when, as here, the *Page 236 
estate is insolvent and the recovery is problematical, if the plaintiff himself is unable to give bond the Court upon proper evidence of a good cause of action should permit the action to be begun in forma pauperis. There is no requirement that those who may share in the recovery, if made, shall give bond for costs, as in cases where the action is upon a contract or claim in favor of the intestate or testator or to recover property belonging to the estate.
If the Court had granted the motion and dismissed the action an appeal would lie, because that "determines the action." The Code, sec. 548. But the refusal of a motion to dismiss an action on any ground whatever is never appealable. Cooper v.Wyman, 122 N.C. 784, 65 Am. St., 731, and numerous cases cited in Clark's Code (3 Ed.), p. 738. And a refusal to require a prosecution bond is not a judgment upon the merits of the controversy materially affecting the ultimate result of the litigation so as to require its decision on appeal, and the possible delay of six to eighteen months which a defendant could always obtain by making such collateral motion. The presumption is that the Court decides correctly. If the final judgment is against the defendant, the judgment refusing to require (324) a bond, even if incorrect, becomes immaterial error, and the appeal is a useless waste of time and expense. If, on the contrary, the defendant obtains the final judgment, the exception brings the point up for review, and, if there is error, judgment will be given requiring the plaintiff to pay costs.
When this case goes back the affidavit should be amended to aver the inability of the administrator himself to give bond, and on failure to aver this he should give bond. Though we must dismiss the appeal for the reasons given, we pass upon these points, as the Court in its discretion has often done. S. v. Wylde, 110 N.C. 500. This is the better practice, for the law can thus be settled without authorizing the stopping of the proceedings and delay by appeals on collateral and interlocutory judgments.
Appeal dismissed.