THE EMPIRE MANUFACTURING COMPANY v. L. B. SPRUILL ET ALS.

(Filed October 13, 1915.)

1. **Torrens Law—Parties—Pleadings—Clerk of Court—Interpretation of Statutes.**

The clerk of the Superior Court, under the general provisions of Revisal, section 410, has the authority to permit persons claiming an interest in the land to be made a party defendant, and enlarge the time to answer, in proceedings to register a title under the provisions of chapter 90, Laws of 1913, known as the "Torrens Law."

2. **Same—Superior Court Judge.**

Under the provisions of chapter 90, Laws of 1913, known as the "Torrens Law," the judge of the Superior Court is given authority over the whole proceedings before the clerk, and to require reformation of the process, pleadings or decrees or entries, and therefore he has authority to allow parties defendant to be made and enlarge the time within which to file answers. Revisal, section 512.

3. **Appeal and Error—Torrens Law—Premature Appeal—Decision Upon Merits.**

An appeal from an order of the trial judge permitting answers to be filed after the time limited by the Torrens Law, chapter 90, Laws 1913, is premature; but at the request of both parties to this appeal, and owing to the public nature of the matter, the court passed upon the merits of the controversy, under former precedents.

ALLEN, J., did not sit; WALKER, J., concurs in the result.

Appeal by plaintiff from *Connor, J.,* at Spring Term, 1915, of Pamlico.

*Langston, Allen & Taylor and Murray Allen for plaintiff.*
*D. L. Ward and Z. V. Rawls for defendants.*

Clark, C. J.   This action was begun under ch. 90, Laws 1913, known as the "Torrens Act." The petition was filed in the office of the clerk of the Superior Court of Pamlico on 20 March, 1914; summons was issued against the defendants therein named on 25 March, 1914, and returned served. At the same time the summons was issued notice of the action was duly published in the *Sentinel,* a newspaper in that county, as required by law. No answer being filed by the return day, the clerk delivered to the examiner of titles the petition with all the papers filed in the cause, with instructions to proceed with the examination of title according to the statute. On 8 June, 1914, the examiner of titles filed his report with abstracts of the various titles, and recommended that said titles be registered. On the same day several defendants filed answers denying the title of petitioner to certain portions of the land within the boundaries set out in the petition. The petitioner excepted to the order of the clerk permitting these answers to be filed. The cause was remanded to the examiner of titles for further examination, and on 22 December, 1914, he filed a second report, recommending the registration of the title of petitioner. The various defendants thereupon filed exceptions to the report of the examiner and the cause was transferred by the clerk to the civil-issue docket before *Connor, J.* The attorneys for the petitioner moved for a registration of the title. The judge denied the motion and remanded the proceedings to the clerk to refer the case again to the examiner of titles to investigate the matters involved in the answer filed by Benjamin Potter, and to report his findings of fact and conclusions of law upon the same. He overruled the exceptions which had been taken before the clerk, as above stated, and further ordered that the issues raised by the answers should be tried by a jury under the provisions of section 8, ch. 90, Laws 1913, eliminating and setting out in the order those issues, 8 in number, which were as to the title set up in the answers by 8 different defendants who alleged title in themselves to certain parts of the land described in the petition.

The petitioner assigned as error that the court overruled his several exceptions taken before the clerk to his order permitting the filing of the answers after the return day named in the summons.

The object of ch. 90, Laws 1913, known as the "Torrens Law," is to enable any person owning real estate to have the title thereto settled and registered in the manner prescribed by that chapter under the rules and procedures for other special proceedings. There is nothing in that act

which prohibits the clerk, who is clothed with the exclusive original jurisdiction of all proceedings under said act, from enlarging the time to file pleadings as prescribed by Revisal, 410.

This act is a beneficial one for the purpose of settling titles to real estate and to facilitate the transfer of the same without the expense of making a new investigation and abstract of the title at each successive conveyance. It has operated most beneficially and satisfactorily in the several countries and states that have adopted it. It has not been looked on with favor by some who believe that the act will deprive them of fees for the investigation and making an abstract of titles, but it was passed at the demand of the farmers and other owners of real estate to save that very expense. Its adoption was a matter of public policy, which was committed solely to the legislative department of the Government, and with which the courts have nothing to do.

But we find nothing in the act which can be construed as intending to cut off claimants of adverse titles from a full examination and decision of their claims. On the contrary, the act was intended to give, once for all, the fullest examination into all controversies over the title to the land set out in the petition, because thereafter the order of the court in such cause will be conclusive. With a provision in the act raising a fund for the payment of any claimant, such as infants, lunatics, or others, whose rights by any extraordinary concurrence of circumstances should not be adjudicated.

For this very reason the court in such cases should proceed with care. It certainly was not intended to take from the clerk or the trial court the discretionary power to make defendant any person "who has, or claims, an interest in the controversy adverse to the plaintiff," as authorized in all other litigation. Revisal, 410.

Revisal, 512, provides that the judge may, "in his discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited, or by an order enlarge such time." This statute applies to all proceedings in the Superior Court, whether before the clerk or the judge, and there is nothing in the "Torrens Act" which deprives the judge of such power. On the contrary, there is no proceeding in which from its very nature this power should be more liberally exercised. The result of the litigation in this case will settle once for all time probably the title of a dozen or more litigants. While there should not be any undue delay in this, or in any other case, the court in a matter of this kind, especially, should give the fullest opportunity for examination and decision as to the titles of all persons claiming an interest in the property in question.

Section 9 of said ch. 90, Laws 1913, is as follows: "Every decree rendered as hereinbefore provided shall bind the land and bar all persons

claiming title thereto or interest therein, quiet the title thereto, and shall be forever binding and conclusive upon and against all persons, including the State of North Carolina, whether mentioned by name in the order of publication or included under the general description, 'To whom it may concern.' It shall not be an exception to such conclusiveness that the person is an infant, lunatic, or is under any disability, but such person may have recourse upon the indemnity fund provided, for any loss he may suffer by reason of being so conclusive. *Such decree shall, in addition to being signed by the clerk of the Superior Court, be approved by the judge of the Superior Court, who shall review the whole proceeding, and have power to require any reformation of the process, pleadings, decrees, or entries.*"

The intention of the act is that in this proceeding, which is intended to quiet titles and prevent future litigation over the same, there shall be every safeguard, and the judge certainly has the same power as in all other cases to permit an answer to be filed "after the time limited." Even if these defendants had not made the application to answer, as they did before the clerk, the judge could, in his discretion, have permitted the answers to be filed before him. He is required to "review the whole proceeding and has power to require any reformation in the process, pleadings, decrees or entries."

The power under Revisal, 512, to permit pleadings to be filed after the time limited is a discretionary one and not reviewable by appeal. Under the provisions of this act above cited it is made the duty of the judge to review the whole proceedings and to require any reformation of the process, pleadings, decrees or entries. Not only such order is not reviewable by appeal because it is a matter within the discretion reposed in the judge by the statute, but even if such order were reviewable, an appeal therefrom would be premature, for such order is not a final judgment. If the answer is filed, the plaintiff might at the trial recover judgment notwithstanding, and there would then be no necessity, or desire by him, to bring the matter up for review.

While, therefore, we must dismiss the appeal, we have, however, owing to the public nature of the matter, and at the request of counsel on both sides, passed upon the point presented as this Court has sometimes done. *S. v. Wylde,* 110 N. C., 503; *Christian v. R. R.,* 136 N. C., 324, and in several other cases.

Appeal dismissed.

ALLEN, J., not sitting.
WALKER, J., concurs in result.