In Yates v. Ins. Co., 166 N.C. 134, as to the same subject-matter, the plaintiffs had obtained an order restraining the defendant from erecting a building over an alleyway, and they appealed from the order dissolving it. On the hearing in the Supreme Court, it being made to appear that pending the appeal the building had been completed, the Court refused to pass upon the abstract right of the plaintiffs, upon the ground that to grant an injunction then would be a vain and nugatory act. The Court said, however: "The defendants have proceeded at their peril, and whatever the rights of the parties are will be determined at the final hearing, when the issues of fact, if any are raised, can be determined by a jury and the rights of the parties and the remedy to be awarded can be determined by final judgment."
The plaintiffs took a nonsuit below and brought this action of ejectment to recover the possession of and establish their title to the property involved in the former action, which is a lot of land or alleyway fronting 10 feet on E. Sycamore Street, Greensboro, and running back 41.66 feet, as described in the complaint, and for damages. Both the plaintiffs and defendant claim title to the lot under the late Charles G. Yates, who died in 1882.
The jury found that the plaintiffs were owners and entitled to possession of the lot, and that it was wrongfully detained by the defendant. The judge rendered judgment accordingly, reserving the issue as to damages, and the defendant appealed.
The defendant insurance company is the owner of the lots marked on the annexed plot as the "Hughes" lot and the "Martin" lot facing on Sycamore Street in Greensboro, and also of an easement in an alley 10 feet wide between these two lots, holding title under mesne conveyances from C. G. Yates, who died in 1882.
(475) The heirs of Yates, in conveying the Martin lot, added thereto the conveyance of an easement in the alleyway as follows: "Together with right of way over, under and through an alleyway 10 feet wide, west of and adjoining the above described property running from Sycamore Street to Carrie G. Yates' property." In the mesne conveyances through which the Martin lot became vested in the defendant this conveyance of an easement in the alleyway as appurtenant to the ownership of said lot was continued.
C. G. Yates also owned the lot north of the "Hughes" lot, which is marked on the map as the "old postoffice lot," and in his will provided that this alleyway should be laid out as appurtenant to the ownership of said postoffice lot 15 feet wide; but the owner of said lot has entered into an arrangement and accepted and recorded a conveyance reducing the width of the alley to 10 feet, with the right reserved therein to the owners of the Martin lot to build an archway over said alley.
[EDITORS' NOTE: THE MAP IS ELECTRONICALLY NON-TRANSFERRABLE.], SEE 173 N.C. 524.]
The defendant, owning the lots on both sides of said alleyway and by virtue of the ownership of the Martin lot owning also an easement in said alleyway, has proceeded to build 10 feet above the surface a connecting building so as to enable it to use as one building the structure covering both lots. The plaintiffs, who are heirs at law of C. G. Yates, contend that this is a forfeiture, or at least an unwarranted use, of the *Page 525 
alleyway, for which it is entitled to recover the possession of the alleyway or at least the possession of the building placed above the alleyway by the defendant; and the defendant has contended that the right of the plaintiffs, if any, is an abstraction, because it could not recover the atmosphere beginning 10 feet above the surface of the alleyway and could make no use of it, and that the court would not adjudge damages for the theoretical right which the plaintiffs could not exercise, or be benefited by in any way, since they could not erect any structure (476) themselves on the alleyway, the unobstructed use of the surface of which belongs to the defendant, and that the plaintiffs can prove no damages sustained by them.
This point was ably discussed before us by the very learned counsel on both sides, but we do not find it necessary to consider the interesting question presented. On 1 October, 1899, the present plaintiffs or those under whom they claim, and at that time the owners of the "Martin" lot (except E. M. Selden, who has since conveyed to one of the plaintiffs), executed a conveyance and contract to Carrie G. Yates, who was then, and still is, owner of the "postoffice lot" (marked on the plat), by which conveyance the alleyway, which under the will of C. G. Yates was to be of the width of 15 feet, was reduced to 10 feet in width and the following stipulation made therein, as part consideration of the deed and contract, which was duly registered. "Nevertheless, it is expressly understood and agreed that the parties of the first part reserve the right to space above the alleyway 10 feet from the surface of the ground," and said Carrie G. Yates, who was then and is still the owner of said postoffice lot, has consented to the construction and erection of the archway and building above said alleyway. On 7 May, 1901, tow years after said contract between said Carrie G. Yates and the plaintiffs, they and those under whom they claim joined in the execution of a fee-simple deed for the Martin lot, in which they conveyed all their right, title, and interest in said lot, "together with the right of way forever over, under, andthrough an alleyway 10 feet wide west of and adjoining the above described property running from Sycamore Street to Carrie G. Yates' property." The defendant has acquired the title to said Martin lot under such conveyance from the plaintiffs by mesne conveyances and holds the right to build the said archway as fully as the plaintiffs themselves possessed it.
It is objected by the plaintiffs that the said deed between the owners of the Martin lot and Carrie G. Yates is not valid because the grantors therein are not named, but we do not think that this contention is well founded. The language of the deed is as follows: *Page 526 
"NORTH CAROLINA — GUILFORD COUNTY.
This indenture, made this 1 October, 1899, by and between _________, parties of the first part, and Carrie G. Yates, party of the second part: Witnesseth, That the said parties of the first part for, and in consideration of the sum of $1 to them paid, the receipt where of is hereby acknowledged, have given and granted and by these presents do give and grant and convey unto the said party of the second part a right (477) of way over the alleyway — feet wide, described as follows: Beginning on Sycamore Street at the southeast corner of the lot of land sold to J. R. Hughes and now owned by Katz, said corner being 108 feet from the east side of South Elm Street, and running thence north with Katz's line to the line of the party of the second part, known as the old postoffice property, thence east with the line of the said post-office lot — — feet to a stake, thence south in a line parallel with first line to East Sycamore Street, and then west along East Sycamore Street to the beginning, with the right of ingress, egress, and regress over said alley, to the said party of the second part, her tenants, heirs that the parties of the first part reserve the right to themselves, their heirs and assigns, to arch over and use all the space above the alleyway 10 feet above the surface of the ground.
In witness whereof the said parties of the first part have hereunto set their hands and seals of the day and year first above written.
 M. E. YATES. [SEAL.] PETER P. YATES. [SEAL.] KATE C. YATES. [SEAL.]"
It is objected by the plaintiffs to the above deed that it is void for want of parties, but Carrie G. Yates is named as grantee therein, and she is bound by accepting the same with the reservation of the right to narrow the lot to 10 feet and that the owners of the Martin lot should build over said alleyway, and has recorded the deed and is still assenting to said reservation and has since joined in the conveyance of the Martin lot with the easement in said alley. As to the grantors, the language is "the parties of the first part," and though a blank follows in the beginning of the deed, they are made certain by the final clause, "In witness whereof the said parties of the first part have hereunto set their hands and seals the day and year first above written," followed by their names and seals. It was not necessary that the names of the grantors should be set out in the first line of the deed when they are designated by the final clause and by their signatures thereunder. Moreover, the clerk of the court in his certificate, upon which the deed was *Page 527 
recorded, certified that "M. E. Yates, Peter P. Yates, and Kate C. Yates (his wife), grantors, personally appeared before me this day and acknowledged the execution of the foregoing deed of conveyance" (the certificate further setting out the privy examination of Kate C. Yates).
It is true that said conveyance and contract was not signed by E. M. Selden, at that time owning an interest in the Martin lot, but the reservation therein of said right was in her favor, being for the benefit of the said Martin lot, extending its width 5 feet by narrowing the alleyway, and reserving also the right to build over the same, and by the subsequent conveyance with warranty of said Martin lot, in (478) which E. M. Selden and Carrie G. Yates and all the plaintiffs or those under whom they claim joined, they conveyed the Martin lot thus benefited by the reservation, describing the same by boundaries, which included the added 5 feet taken from the alleyway by virtue of said reservation and the right to the alleyway as it then existed, as follows: "together with the right of way forever over, under and through an alleyway 10 feet wide west of and adjoining the above described property running from Sycamore Street to Carrie G. Yates' property." This deed to Martin was a warranty deed executed 7 May, 1901 (subsequent to the above conveyance and contract with Carrie G. Yates of 1 October, 1899), and was signed by M. E. Yates, E. M. Selden, Carrie G. Yates, Kate C. Yates, and Peter P. Yates, being thus a ratification by Carrie G. Yates and adding the concurrence of E. M. Selden, the only party in interest in the ownership of the Martin property who was not a party to the said conveyance of 1 October, 1899. E. M. Selden has since, in 1914, conveyed her interest in the alleyway to James F. Yates, but he is bound by her joinder in the conveyance of 7 May, 1901, of the Martin lot, with the easement (as it then stood) in the alleyway to Martin, whose rights the defendant now owns.
Nor do we deem it a fatal defect if the plaintiffs' contention is correct that the width of the alleyway, which is recorded in the registration of the conveyance of 1 October, 1899, as 10 feet, was left blank as to the number of feet, for in the subsequent conveyance between the same parties of 12 December, 1900, which is duly probated and recorded, the width is set out as being 10 feet.
It appears, therefore, that since 1 October, 1899, the ownership of the Martin lot had annexed to it an easement in the alleyway in question, with the right to build over it, and that all the plaintiffs and those under whom they claim conveyed said Martin lot with said rights in the alleyway by deed of 7 May, 1901, to Martin, and through mesne conveyances such rights passed to the defendant, which has not exceeded its rights therein in constructing the building over said alleyway. *Page 528 
It was irregular to appeal from a verdict and judgment upon the first two issues without passing upon the issue as to damages. The appeal is fragmentary and must be dismissed, but as it is apparent that upon the evidence the court should have directed a nonsuit for the reasons given, we have considered the appeal and indicated our opinion, as this Court has sometimes done in such cases, S. v. Wylde, 110 N.C. 502, and cases citing the same in Anno. Ed.; Mfg. Co. v. Spruill, 169 N.C. 621; Taylor v.Johnson, 171 N.C. 86.
Appeal dismissed.
Boyd v. Campbell, 192 N.C. 401; Ins. Co. v. Hunt, 206 N.C. 726.
(479)