J. W. WATTS v. J. G. STATON ET AL.

(Filed 17 February, 1926.)

**Appeal and Error — Fragmentary Appeals — Judgments — Dismissal— Clerks of Court—Statutes.**

> An appeal to the Supreme Court on the question as to whether the clerk of the court had the statutory power to determine his authority to permit the plaintiff to file a prosecution bond upon defendant's motion to dismiss, which was unexercised, is not a final judgment, and the appeal will be dismissed as fragmentary.

APPEAL by defendants from *Barnhill, J.,* at Chambers in Rocky Mount, 22 August, 1925.   From MARTIN.

From a refusal to dismiss this action, together with several others of a similar character which were consolidated for the purposes of the present motion, the defendants appeal.

*Lamb & Coble and Winston & Matthews for plaintiff.*
*Martin & Peel, Dunning & Moore and Stephen C. Bragaw for defendants.*

STACY, C. J.   The defendants, appearing specially, moved before the clerk to dismiss this action and several others, consolidated for purposes of the present motion, upon the ground that ·the individual sureties on the plaintiffs' prosecution bonds had not justified before the clerk as required by Rule 2 of the rules of practice in the Superior Courts (185 N. C., 807), in fact, that there were no justifications of said bonds at all. The plaintiffs in the several suits resisted the motion and offered to have their individual bondsmen justify before the clerk then and there, agreeable to the requirements of the rule.

Some question having arisen as to whether the clerk had the power to allow the justifications, after summonses had been issued and complaints filed, "it was agreed by both sides that all that should be decided was whether the clerk had the right to allow such justifications; whether the act was mandatory or not." · In accordance with this agreement, the clerk decided that he "had the right to act in the premises and to allow said bonds to be justified" or not, in his discretion, though· his discretion has not yet been exercised, and thereupon denied the motion to dismiss, holding that if his authority to decide the question be sustained, he would then require the sureties to justify and overrule the motion to dismiss or deny the plaintiffs the right to have their individual bondsmen justify and sustain the motion to dismiss.

On appeal to the judge of the Superior Court, the clerk's judgment was affirmed and the causes remanded with direction that the clerk proceed to act in the matters.

It is clear that this appeal was prematurely taken and must be dismissed. *Christian v. R. R.,* 136 N. C., 321; *Cooper v. Wyman,* 122 N. C., 784. No appeal lies from a refusal to dismiss an action under circumstances like the present. *Bradshaw v. Bank,* 172 N. C., 632; *Williams v. Bailey,* 177 N. C., p. 40. The question sought to be presented is purely academic. The clerk's judgment was in no sense final; he simply decided that he had the power to act, but has not yet acted; his judgment determined no rights of the parties.

Appeal dismissed.