SCHENCK, J., took no part in the consideration or decision of this case. *Page 725 
On 23 December, 1914, John Dial executed and delivered a deed in the following words: "This deed, made this 23 December, 1914, John Dial, of Robeson County and State of North Carolina, of the first part, and Polly Dial, of Robeson County and State of North Carolina, of the second part;
Witnesseth: That the said party of the first part, in consideration of five hundred dollars to him paid by said party of the second part, the receipt of which is hereby acknowledged, ha.... bargained and sold and by these presents doth bargain, sell and convey to said............... and her heirs and assigns, a certain tract or parcel of land in Back Swamp Township, Robeson County." (The land was properly described.)
"To have and to hold the aforesaid tract and all privileges and appurtenances thereto belonging, to the said party of the second part, his heirs and assigns, to her only use and behoof forever. And the said party of the first part covenant that he is seized of said premises in fee, and has right to convey the same in fee simple, that the same are free and clear from all encumbrances, and that he will warrant and defend the said title to the same against the lawful claims of all persons whomsoever.
In testimony whereof, the said John Dial has hereunto set his hand and seal the day and year above written. John (his mark) Dial. (Seal.)"
Polly Dial, the grantee in said deed executed and delivered to the plaintiff a deed of trust on the land for the purpose of securing a note which became due and payable on 1 November, 1931. Default occurred in the payment of the indebtedness and the land was duly and properly sold at public auction in accordance with the terms of the deed of trust, and the plaintiff became the purchaser and received a trustee's deed for the property on 22 July, 1932. Thereafter on 5 December, 1933, the defendant agreed in writing to purchase the land from the plaintiff and the plaintiff agreed to convey to the defendant for a stipulated sum, but when the plaintiff tendered a proper deed the defendant refused to accept the title and to pay for the land upon the ground that the deed from John Dial to Polly Dial was defective in that the name of the grantee did not properly appear therein.
The trial judge held that the deed conveyed a fee-simple title to Polly Dial and "that the Prudential Insurance Company of America is now the owner of said lands in fee simple, and the deed tendered the defendant by plaintiff on 2 January, 1934, would convey a fee-simple *Page 726 
title to said land to the defendant Allen A. Hunt. It is further ordered that the defendant be required to take the property and pay the purchase price as stipulated."
From the judgment so rendered the defendant appealed.
The judgment rendered is fully supported by Brown v. Brown, 168 N.C. 4,84 S.E. 25; Yates v. Ins. Co., 173 N.C. 473, 92 S.E. 356, and Boydv. Campbell, 192 N.C. 398, 135 S.E. 121. In the Boyd case, supra, the Court said: "Whatever the former doctrine may have been the courts do not now regard with favor the application of such technical rules as will defeat the obvious intention of the parties to a deed, it being an elementary rule of construction that their intention as expressed in the deed shall prevail unless it is repugnant to the terms of the grant or is in conflict with some canon of construction or some settled rule of law."
Affirmed.
SCHENCK, J., took no part in the consideration or decision of this case.