Nash, C. J.
 

 Our attention in this case is confined to the er
 
 *391
 
 ror committed by the presiding Judge, in deciding that it was not necessary for the plaintiff to produce upon the trial his letters of administration. The error aro'se from considering what is called the conversion in this case as having taken place in the lifetime of the intestate, J. W. Roseman. The action is in trover, and without deciding whether it can be sustained, we think his Honor erred in his ruling upon the question of testimony. At the time that Eddleman made his demand for the portion of the money due to him the intestate was alive, but so- low that, in the language of the case, he was entirely unconscious. If the demand, and the refusal to pay Eddleman the money was evidence of a conversion, it was such evidence as to the claim of Eddleman, and might have given him an action against the defendant; but it was no denial of the right of J. W". Roseman. Before the latter or his representative could maintain any action against the defendant, it was necessaiy to put him in the wrong by making a demand ; for he was a bailee. Accordingly, after the death of J. W. Roseman, the plaintiff, his administrator, did demand the money, and the defendant refused payment. From this refusal to pay, the plaintiff’s cause of action arose. The conversion in trover is the gist of the action, and, in this case, it took place after the death of J.
 
 W.
 
 Roseman, and his intestate was obliged to declare in his own name, because the cause of action arose to him and not to his intestate. When the cause of action arises in the lifetime of a deceased man, the plaintiff, his representative, must declare as such, and in that case must, in his declaration, make profert of his letters testamentary, or of his administration ; and they are traversable by the defendant. If the representative declare upon his own possession, he need not make any profert, but-in that case, as in any other at law, he must show a legal title to the thing demanded, and his letters constitute a necessary link in the chain.
 

 There was error in the ruling of the Court, occasioned no doubt by considering the demand made by Eddleman as evidence of the conversion. For this error the judgment must be reversed, and a
 
 venire de novo
 
 awarded.
 

 Per Curiam. Judgment reversed, and
 
 venire de novo
 
 awarded.