Beads, J.
 

 The question involved is, whether the action abates by the death of the trespasser ?
 

 An action survives against the representatives of the deceased party, except it be for “damages merely vindictive;” Bev. Code, c. 1, s. 1.
 

 It is insisted for the defendant that the proper construction of the statute is, that an action for trespass against the person does not abate by reason of the death of the plaintiff, but does abate by reason of the death of the defendant. The statute is as follows: No action, &c., whether at law or in equity, except suits for penalties and for
 
 damages merely vindictive,
 
 shall abate by reason of the death of either party, &c.; but the same may be carried on by the heirs, executors and administrators of the deceased party, &c.
 

 It is insisted that, although the act is express that it shall not abate by the death of either party, yet it only provides for its being carried on
 
 by
 
 and not
 
 against
 
 the representatives; and that a suit is carried on
 
 by a plaintiff
 
 and
 
 against a defendant;
 
 and that therefore there is no provision for car
 
 *358
 
 rying it on
 
 against
 
 the representatives of a deceased defendant. We find, by reference to the Rev. Stat., c. .1, that it was provided that it should be carried on
 
 by or against
 
 the representatives of either party; and it seems that in transcribing the words “ or against ” were left out of the Revised Code. But we feel obliged to construe the statute as if the words “ or against ” were in it. The language is express, that it shall not abate by the death of
 
 either
 
 party. If it shall not abate, then it must be carried on. It cannot be carried on
 
 by
 
 one party without being carried on
 
 against
 
 the other party, it cannot be carried on against the person Avho committed the trespass, for he is dead; and, therefore, if carried on at all, it must be against his representative. The reason why, at common law, an action against a trespasser died Avith the person was, that it Avas not so much, an action for pecuniary loss, as it was for a
 
 solatium
 
 for the wounded feelings of the plaintiff and for the punishment-of the defendant. But the plaintiff could not be solaced, nor the defendant punished after death. But our statute, which gives an action to the representative of a deceased party, Avho was injured or slain by a trespasser, confines the recovery to the amount of
 
 feeuniary injury.
 
 It does not contemplate
 
 solatium
 
 for the plaintiff nor punishment for the defendant. It is therefore in the nature of pecuniary demand, the only question being, how much has the plaintiff lost by the death of the person injured ? And it is to be considered Avithout regard to the malice or vindictiveness of the trespasser; and the court below on the trial will confine the investigation to the “ pecuniary injury ” to the beneficial plaintiffs.
 

 We conclude that the present action is not for “damages merely vindictive,” and does not abate by the death of the defendant.
 
 Butner
 
 v. Keehln, 6 Jones, 60.
 

 Per Curiam. There is no error.