ANN BEST, Adm'x of J. H. BEST, v. THE TOWN OF KINSTON.

*Action by Administrator to Recover Damages for Death of Intestate—Must be Brought Within One Year.*

1. An action by an administrator to recover damages for the death of his intestate (under section 1498 of *The Code*) must be brought within one year after the death of the intestate.

2. The fact that no administrator was appointed does not vary the rule, as no explanation why the action was not brought within one year can avail.

This was a CIVIL ACTION, tried before *Bynum, J.,* at November Term, 1889, of the Superior Court of LENOIR County.

After the jury was impaneled, the plaintiff's complaint was read and the plaintiff then admitted that the intestate of plaintiff was killed (as she alleges, by the negligence of defendant corporation) on the __ day of December, 1886; that on the 3d day of May, 1888, no administrator having been appointed, the plaintiff, who was the wife of the deceased, brought suit in her own name and filed her complaint. On the 4th day of January, 1889, plaintiff took out letters of administration and made herself a party to the

suit. Upon this statement of facts the Court intimated that plaintiff could not recover, whereupon she submitted to judgment of nonsuit and appealed to this Court.

*Mr. S. W. Isler*, for the plaintiff.
*Mr. George Rountree*, for the defendant.

SHEPHERD, J.: This action is brought by the administratrix of John H. Best, deceased, to recover damages resulting from the death of her intestate, occasioned, it is alleged, by reason of the negligence of the defendant.

Such an action could not be brought at common law, and is only entertained by the Courts under the provision of *The Code*, § 1498, which embraces the principal features of the humane legislation known as "Lord Campbell's Act." The period prescribed for the commencement of such an action is "one year after the death of the intestate," and it has been decided in several States "that the right of action vests at the death which is the cause of action," and that the statute of limitations begins to run from that time, although an administrator has not been appointed. Pierce on Railroads, 400, citing *Fowlkes* v. *N. & D. Railroad Co.*, 9 Heisk., 829; 5 Baxter, 663; *Jeffersonville, M. & I. Railroad Co.* v. *Hendricks*, 41 Ind., 48; *Needham* v. *Grand Trunk Railroad Co.*, 38 Vt., 294, 306. See also Wood's Railway Law, 1415. The cases cited by the learned counsel for the plaintiff (in which the non-existence of an administrator is said to be material) relate only to cases arising under the general law of limitations and presumptions, and have no application to a case under the above section of *The Code*. It has so been expressly held by this Court in *Taylor* v. *Cranberry Iron Co.*, 94 N. C., 525. The Court says that "this is not strictly a statute of limitations. It gives a right of action that would not otherwise exist, and the action to enforce it must be brought within one year after the death of the testator or intestate,

else the right of action will be lost. It must be accepted, in all respects, as the statute gives it. Why the action was not brought within the time does not appear, but any explanation in that respect would be unavailing, as there is no saving clause as to the time within which the action must be begun."

There, as in this case, the action was brought more than a year after the death of the intestate, and it was held that it could not be maintained. This is decisive of the present case.

No error.