## MELISSA HOWELL v. BOARD OF COMMISSIONERS OF YANCEY COUNTY.

*Action for Damages—Death caused by Wrongful Act—Widow of Deceased Not Entitled to Sue.*

A widow has no right of action against persons wrongfully causing the death of her husband, the Statute (*The Code*, Section 1498) giving a right of action alone to the personal representative of the person killed.

This was a civil action brought by the plaintiff, the widow of Zeb Howell, in her individual capacity, and not as the personal representative of her deceased husband, against the Board of Commissioners of Yancey County, to recover damages for the death of her husband, occasioned by the alleged negligence of the defendants in permitting

the county jail to become unclean and unhealthy, thus causing the death of her husband, and heard before *Norwood, J.,* at Fall Term, 1896, of YANCEY Superior Court, on complaint and demurrer. The demurrer was overruled and defendants appealed.

*Messrs. J. S. Adams* and *Huggins & Watson,* for plaintiff.
*Messrs. McElroy & Moore,* for defendants (appellants).

FAIRCLOTH, C. J.:   Plaintiff alleges that she is the widow of Z. B. Howell, deceased, who, she alleges, died by reason of defendants' negligence in allowing the County jail to be and remain in an unhealthy condition during her husband's confinement therein.   Plaintiff does not sue as the executrix, administratrix or collector of her husband, but sues in her own right, as the widow of deceased, and defendants demur on that ground.   At common law the injured party alone could maintain an action for damages, and in case of death from the injury, the right of action did not survive to any one.   By Statute (*Code,* 1498) the personal representative of the deceased is allowed to prosecute an action for damages at any time within one year from the death.   The demurrer should have been sustained.   *Code* 1498; *Best* v. *Kinston,* 106 N. C., 205.

We are not informed as to the truth of the allegations, nor is it necessary that we should be in order to dispose of this case; but, if they are true, the conditions would probably be improved by invoking the aid of the criminal side of the docket.

Judgment reversed.