### KILLIAN v. SOUTHERN RAILWAY CO.

(Filed May 14, 1901.)

PARTIES—*Negligence—Death by Wrongful Act—Parent and Child —The Code, Secs. 1498 and 1499.*

A father can not maintain an action in his individual capacity for the death of his son by wrongful act.

ACTION by H. C. Killian against the Southern Railway Company, heard by Judge *W. B. Council,* at November Term, 1900, of Superior Court of CATAWBA County. From a judgment of nonsuit, the plaintiff appealed.

*E. B. Cline,* and *T. M. Hufham,* for the plaintiff.
*George F. Bason,* for the defendant.

CLARK, J.   This is an action by a father for the negligent killing of his son. Upon the evidence the plaintiff was nonsuited and appealed, but in this Court the defendant interposed a preliminary plea *ore tenus* to dismiss the action because the complaint does not state facts sufficient to constitute a cause of action. Rule 27 of this Court; *Manning v. Railroad,* 122 N. C., 825.

The Code, section 1498, provides that whenever "the death of a person is caused by a wrongful act, neglect or default of another," an action therefor may be brought by "the executor, administrator or collector of the decedent." Section 1499 provides that "the plaintiff in such action may recover such damages as are a fair and just compensation for the pecuniary injury resulting from such death," and section 1500 provides for the application and distribution of such recovery.

At common law this action could not have been maintained. *Baker v. Bolton,* 1 Camp., 493, in which Lord Ellenborough

tersely stated the doctrine of the common law to be: "In a civil suit, the death of a human being can not be complained of as an injury." Where the injury subsequently resulted in death the action abated—*actio personalis moritur cum persona.* Hence, though many courts doubted the soundness of the reasoning as applied to this class of cases, it was uniformly held in England and this country that the right of action ceased upon the death of the injured party. 8 Am. and Eng. Enc. (2d Ed.), 855, and a page of authorities there cited, especially *Cary v. Railroad,* 55 Mass., 475, 48 Am. Dec., 616; *Eden v. Railroad,* 53 Ky., 204; *Hyatt v. Adams,* 16 Mich., 180. In *Insurance Co. v. Brame,* 95 U. S., at page 756, it is said: "The authorities are so numerous and so uniform to the proposition, that by the common law no civil action lies for an injury which results in death, that it is impossible to speak of it as a proposition open to question. It has been decided in many cases in the English courts and in many of the State courts, and no deliberate, well-considered decision to the contrary is to be found."

It is true the father was entitled to the services of his son, if he had lived, till his majority, but when the death of the son ensued, the cause of action abated. It is said in *Hyatt v. Adams,* 16 Mich., 180, upon a review of the English authorities (*Cooley,* J., concurring) that one case, and only one (*Baker v. Bolton, supra*), held that at common law the father could recover after the death of the child, even for the value of his services from the time of the injury to the date of the death, but, as here, the death was instantaneous, that case does not apply.

In England this rule of the common law was changed by Lord Campbell's Act, 9 and 10 Vict., which gave the right of action for injuries sustained by neglect or wrongful act of another, notwithstanding the death of the person injured. That Act began by expressly reciting that at common law

an action could not be maintained in such cases. This Act has been copied, with many variations, in the States of the Union, but in nearly every instance such acts give the right of action to the personal representative. It has been, as a consequence of what has been said above, held that the statute confers a new right of action which did not exist before, and must be strictly followed. 8 Am. and Eng. Enc., 858 (2d Ed.). Hence, where the right of action is given to the personal representative "the parent can not maintain it, even when the statute expressly provides that the recovery shall be for his or her benefit. In such cases only the executor or administrator can sue." 8 Am. and Eng. Enc. (2d. Ed.), 891, and cases cited upon that and two following pages.

In this State the remedy was first given by statute 1854, chapter 39; Rev. Code, chapter 1, sections 8, 9 and 10, which, with some modifications, are now sections 1498, 1499 and 1500 of The Code. By these, as already said, the action must be brought by the personal representative.

The plaintiff's counsel cited us to no case in this State, except *Russell v. Steamboat Co.,* 126 N. C., 961, in which the point does not arise and was not decided. The cases cited by them from other States are either recoveries for loss of service after the death of the child and up to the death (8 Am. and Eng. Enc., 856), or where the statute confers the right of action upon the parent. 8 Am. and Eng. Enc., 895. In this State it has been held, as in all others, that the right of action did not exist at common law. *Collier v. Arrington,* 61 N. C., 356; *Howell v. Commissioners,* 121 N. C., 362; *Best v. Kinston,* 106 N. C., 205. The right conferred by statute is plainly given to the personal representative only. Let it be entered

Action dismissed.