MARY E. BENNETT v. NORTH CAROLINA RAILROAD COMPANY.

(Filed 8 May, 1911.)

1. **Negligence—Wrongful Death—Suit by Wife—Parties.**

    A wife cannot maintain an action in her individual capacity to recover damages for the negligent killing of her husband.

2. **Negligence—Wrongful Death—Executors and Administrators—Interpretation of Statutes—Parties.**

    The right to maintain an action for a negligent killing of a human being is regulated solely by statute, and must be brought by the personal representative, etc., of the deceased. Revisal, sec. 59.

3. **Negligence — Wrongful Death — Condition Annexed—Burden of Proof.**

    The provision of Revisal, sec. 59, that suit shall be brought within one year from the wrongful killing of another, is a condition annexed to the recovery in an action for damages, and it must be proved by the plaintiff that he is within the time prescribed. It is not required to be pleaded.

4. **Power of Courts—Process—Amendments—Change of Cause.**

    The court has no power to convert a pending action that cannot be maintained into a new or different action by amendment of process or pleadings.

5. **Same—Wrongful Death—Executors and Administrators—Interpretation of Statutes.**

    In an action to recover for the wrongful death of another (Revisal, sec. 59), brought by the wife individually, the court has no power to allow an amendment to the summons so as to change the action into one by her in an administrative capacity.

APPEAL from *Lyon, J.,* at Spring Term, 1912, of MECKLEN-BURG.

Civil action heard upon a motion to amend the summons. From the order of his Honor allowing the amendment by adding the word "administratrix" after the plaintiff's name, the defendant excepted and appealed.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Brown.*

*E. R. Preston for the plaintiff.*
*O. F. Mason, Shannonhouse & Jones for the defendant.*

BROWN, J. This action was commenced on 4 July, 1910, by the issuing of a summons in the individual name of Mary E. Bennett, plaintiff, v. North Carolina Railroad Company, a corporation, defendant.

The amendment made at Spring Term, 1912, converted the action into one brought by the plaintiff in her capacity as administratrix of J. A. Bennett, and it appears from the affidavit upon which the said amendment was allowed, that the purpose of amending the summons is to recover for the alleged negligent killing of one J. A. Bennett, the plaintiff's intestate and husband.

It is well settled that the plaintiff individually had no cause of action against the defendant for the alleged death of her husband by reason of the defendant's negligence. This cause of action arises solely out of the statute commonly called "Lord Campbell's Act." Revisal 1905, sec. 59.

Under this statute, giving a cause of action on account of the wrongful killing of another, the provision that suit shall be brought within one year after death is a condition annexed, and must be proved by the plaintiff to make out a cause of action, and is not required to be pleaded as a statute of limitation. This matter is fully discussed in *Gulledge v. R. R.,* 147 N. C., 234; 148 N. C., 568.

It is plain to us that the effect of the amendment is to change the entire character of the action, and to convert that which was the individual action of Mary E. Bennett into one by her in her representative capacity as administratrix, brought under

the provisions of section 59 of the Revisal. As the surviving widow cannot maintain an action for the recovery of damages for the negligent death of her husband, it was necessary that she should sue in her capacity as administratrix. *Howell v. Commissioners,* 121 N. C., 362.

While courts are liberal in permitting amendments, such as are germane to a cause of action, it has been frequently held that the court has no power to convert a pending action that cannot be maintained into a new and different action by the process of amendment. *Best v. Kinston,* 106 N. C., 205; *Merrill v. Merrill,* 92 N. C., 657; *Clendenin v. Turner,* 96 N. C., 416.

In the last case it is said: "The court has no power, except by consent, to allow amendments, either in respect to parties or the cause of action, which will make substantially a new action, as this *would not be to allow an amendment, but to substitute a new action for the one pending.*"

In *Hall v. R. R.,* 146 N. C., 345, this question is discussed very fully by *Mr. Justice Walker,* and the Court refused to permit an amendment whereby an administrator who had qualified in North Carolina should be permitted to come in and take the place of one who had qualified in Virginia. The Court said: "The action by the plaintiff as administrator, qualified in this State, is deemed to have been commenced when he was made a party to the action as such and joined in the amended complaint. *Hester v. Mullen,* 107 N. C., 724. *Indeed, the court should not have allowed the amendment, but the plaintiff under his qualification as administrator in this State should have been required to bring a separate and independent action.*"

We are of opinion upon well-settled authority that the amendment allowed by his Honor changed the entire character of the action, and was beyond the power of the court to allow. *Ely v. Early* and cases therein cited, 94 N. C., 1.

Reversed and action dismissed.