J. H. HOOD v. AMERICAN TELEGRAPH AND TELEPHONE
COMPANY.

(Filed 23 April, 1913.)

1. Actions—Wrongful Death—Interpretation of Statutes—Executors
   and Administrators—Parties—Trespass—Damages.

   The right of recovery of a defendant for wrongful death rests
   entirely by statute, and the right of action thereunder is only
   given to the executor or administrator (Revisal, sec. 59) ; and
   hence a husband may not recover damages therefor in his action
   against the defendant in aggravation of damages caused by the
   defendant's tortious acts while trespassing on his lands.

2. Pleadings—Forcible Trespass—Demurrer—Appeal and Error—
   Practice—Repleading.

   Where the complaint alleges that defendant trespassed on the
   home and lands of the plaintiff and his wife, in their possession
   without regard to their resistance and rights, and at that time
   offered them indignities by demonstrations and by force and vio-
   lence, which were willful and wanton and accompanied by acts
   of oppression, a cause of action for damages for forcible trespass
   is stated, to which a demurrer is bad ; and, in this case, the trial
   judge having erroneously sustained the demurrer, and it not
   specifically appearing whether the lands are owned by the plain-
   tiff or his wife, the Superior Court should order a repleader so
   as to present more clearly the acts of trespass, the ownership of
   the land, and eliminate the objectionable features in the plead-
   ings.

APPEAL by plaintiff from *Allen, J.,* at October Term, 1912,
of CASWELL.

Civil action for damages, heard upon demurrer *ore tenus* to
complaint, upon the ground that it fails to state a cause of
action. The court sustained the demurrer and dismissed the
action. The plaintiff appealed.

*Justice & Broadhurst and P. W. Glidewell for plaintiff.*
*Wilson & Ferguson for defendant.*

BROWN, J. The plaintiff and his wife are alleged in the
complaint to have been in possession of the house and some
land which was their home, and it is alleged that the defend-

ant, through its agents and employees, after being forbidden by the plaintiff and his wife, and without regard to the resistance or rights of the plaintiff and his wife, trespassed upon this land, and at the time of trespass offered the plaintiff and his wife indignities by demonstrations and by force and violence. It is alleged in paragraph 8 of the complaint that the trespass and wrongful conduct of the defendant was willful and wanton and was accompanied by acts of oppression, and that the plaintiff is entitled to recover from the defendant actual and punitive damages.

It is true that as an element of damage and in aggravation thereof the plaintiff seeks to recover damages for the death of his wife, averring that it was brought about by the tortious conduct of defendant's servants while acting for the defendant.

These allegations should be eliminated from the complaint, as the plaintiff cannot recover damages by way of aggravation or otherwise for his wife's death. At common law a civil action does not lie for an injury resulting in death. To recover for such injuries, the statute known as Lord Campbell's Act was enacted by the English Parliament, 9 and 10 Victoria, and has been engrafted into our law. Revisal, sec. 59.

Under the statute the only person who can sue is the personal representative of the deceased. *Howell v. Commissioners,* 121 N. C., 362.

The right conferred by statute is plainly given to the representative only. The statute confers a new right of action, which did not exist before and must be strictly followed. The parent cannot maintain it even when the statute expressly provides that the recovery shall be for his or her benefit. In such cases only the executor or administrator can sue. *Killian v. R. R.,* 128 N. C., 263; *Hood v. Telegraph Co., post,* 92.

But the complaint does charge a forcible trespass upon the possession of the plaintiff and his wife. It does not specifically appear, as it should, whether the land belonged to the plaintiff or to his wife; therefore we will not decide whether the husband can maintain an action for a trespass upon his wife's land. *Manning v. Manning,* 79 N. C., 293-301.

We think it advisable that the Superior Court order a repleader so as to present more clearly the acts of trespass and eliminate the objectionable features in accord with this opinion.

Reversed.