CHESTER BROWN, ADMINISTRATOR OF M. T. ASKEW, v. SOUTHERN RAIL-
WAY COMPANY AND J. E. DIVELBLISS, AND CHESTER BROWN,
TRADING AS CHERO-COLA BOTTLING COMPANY.

(Filed 17 February, 1932.)

1. **Death B c—Only personal representative of deceased may bring action
for wrongful death.**

The right to maintain an action for the wrongful death of a deceased
rests exclusively upon our statute, C. S., 160, which requires that the ac-
tion must be brought within one year from the date of the death by
the personal representative of the deceased, and that the recovery there-
under should not be liable for the debts of the deceased but should be
distributed to his heirs at law as provided therein, and where the death
is caused by the negligence of an employee while acting within the
scope of his authority the employer may be joined as a defendant under
the doctrine of *respondeat superior.*

2. **Master and Servant F a—In action against third person for wrong-
ful death defendant may not set up award as a defense.**

Where the administrator of a deceased employee sues an engineer of a
train and the railroad company for the deceased's wrongful death, the
defendants may not set up the defense that compensation for the em-
ployee's death had been paid by his employer under the provisions of the
Workmen's Compensation Act since the Compensation Act provides that
upon the payment of compensation thereunder for an injury to an employee
caused by the negligence of a third person the employer or the insurance
carrier shall have the right to maintain an action in the name of the
employee and shall be entitled to subrogation of the employee's rights to
the extent of the compensation paid him, the balance of the recovery to
be paid to the employee or his representative, and C. S., 160 provides
that an action for wrongful death can be maintained only by the de-
ceased's personal representative, the *tort-feasors* being liable for their
negligence and having no interest in the distribution of the recovery
under the provisions of the statute.

3. **Master and Servant F a—Liability of employer under Compensation
Act is exclusive and he may not be held liable as joint tort-feasor.**

The remedy under the Workmen's Compensation Act is exclusive and
under the express terms of the statute an employer is relieved of all
further liability for injury to or death of an employee, and where the ad-
ministrator of a deceased employee brings action against third persons
for the employee's wrongful death, C. S., 160, the motion of the de-
fendants that the deceased's employer be made a party as a joint *tort-
feasor* with them should be denied. N. C., Code of 1931, sec. 8081(r).

APPEALS by both plaintiff and defendants, Southern Railway Com-
pany and J. E. Divelbliss, from *Harding, J.,* at June Term, 1931, of
BUNCOMBE. Reversed in plaintiff's appeal; affirmed in defendants'
appeal.

This action was begun in the Superior Court of Buncombe County. Plaintiff is the administrator of M. T. Askew, who died in the city of Asheville, on 20 January, 1930. The action is to recover of the defendants, Southern Railway Company and J. E. Divelbliss, damages for the death of plaintiff's intestate.

It is alleged in the complaint that on or about 20 January, 1930, plaintiff's intestate was struck and killed by one of the engines of the defendant, Southern Railway Company, while the said engine was being operated by the defendant, J. E. Divelbliss, as an engineer employed by the said Railway Company, at Sulphur Springs crossing on State Highway No. 10; that at the time he was struck and killed, plaintiff's intestate was driving a truck owned by the Chero-Cola Bottling Company of Asheville, as an employee of said company; and that the proximate cause of the death of plaintiff's intestate was the negligence of the defendants, Southern Railway Company and J. E. Divelbliss, as specifically alleged in the complaint. Plaintiff demands judgment that he recover of the defendants, Southern Railway Company and J. E. Divelbliss, the sum of $50,000, as damages for the death of his intestate.

After the complaint was filed, the defendants, Southern Railway Company and J. E. Divelbliss, moved before the clerk of the Superior Court of Buncombe County that Chester Brown, trading as Chero-Cola Bottling Company, be made a party defendant to the action. In support of their motion, the said defendants filed an affidavit tending to show that the death of plaintiff's intestate was caused by the negligence of the Chero-Cola Bottling Company, his employer, and that he contributed to the injuries which resulted in his death by his own negligence. They moved that the Chero-Cola Bottling Company be made a defendant in the action on the ground that if the said defendants by their negligence as alleged in the complaint caused the death of plaintiff's intestate, and for that reason are liable to plaintiff in this action, the said Chero-Cola Bottling Company by its negligence as alleged in the affidavit contributed to his death, and is for that reason jointly liable with defendants to plaintiff in this action. The said defendants relied on the provisions of section 618 of the N. C. Code of 1931, which are to the effect that in all cases pending in the courts of this State, in which the plaintiff seeks to recover damages of the defendant as a joint *tort-feasor,* the defendant may at any time before judgment is obtained, upon motion, have the other joint *tort-feasors* made parties defendant to the action. The motion was allowed by the clerk of the Superior Court and plaintiff appealed to the judge of the Superior Court of Buncombe County.

9—202

After summons had been duly served on Chester Brown, trading as Chero-Cola Bottling Company, in accordance with the order of the clerk of the Superior Court, the defendants, Southern Railway Company and J. E. Divelbliss, filed an answer to the complaint. In this answer, they denied the allegations of the complaint, which are essential to plaintiff's cause of action against them. For a third and further answer and defense to said cause of action, the said defendants, alleged in said answer:

"1. That on and prior to 20 January, 1930, the plaintiff's intestate, M. T. Askew, was in the employ of Chester Brown, trading and doing business under the name of Chero-Cola Bottling Company, and that on and prior to said date the plaintiff's intestate and said Chester Brown were operating under the terms and provisions of the Workmen's Compensation Act for the State of North Carolina, as ratified and approved by the General Assembly of North Carolina, on 11 March, 1929, and that pursuant thereto, as defendants are informed and believe, the said Chester Brown, operating as aforesaid, caused to be taken out a certain insurance policy, by the terms of which it was set forth and provided that in the event of the death or injury of the said M. T. Askew, while in the employ of the said Chero-Cola Bottling Company, he or his representatives should receive compensation from said insurance company, in accordance with the terms and provisions of said Workmen's Compensation Act.

2. That as defendants are informed and believe, after the death of the said M. T. Askew, as alleged in the complaint, and after the said Chester Brown duly qualified as administrator of his estate, the said Chester Brown, administrator as aforesaid, entered into negotiations with the Industrial Commission of the State of North Carolina, which Commission is charged with the supervision and approval of settling with the employees when injured, or their representatives in the event of death, and thereafter the said Chester Brown, administrator as aforesaid, accepted a settlement and award as made by the said Industrial Commission as aforesaid; and has disbursed, or is holding said funds for the benefit of the estate of M. T. Askew, deceased.

3. That if the said Chester Brown, trading as Chero-Cola Bottling Company, did not take out insurance for the benefit of plaintiff's intestate and his estate in case of his death, and of other employees of said Chero-Cola Bottling Company, then said Chero-Cola Bottling Company itself, as defendants are advised, informed and believe, through and with the consent of the Industrial Commission, settled with the estate of plaintiff's intestate, to wit: with Chester Brown, administrator, and the said Chester Brown, administrator, has disbursed said funds or is holding them for the benefit of the estate of M. T. Askew, deceased.

---

BROWN *v.* R. R.

---

4. That said Chester Brown, administrator as aforesaid, in accepting said compensation, on account of the death of the said M. T. Askew, is barred to prosecute this action against these answering defendants on his own behalf, and these defendants hereby plead said settlement, acceptance and award so made by said administrator in bar of the plaintiff's right to prosecute this action.

5. That the plaintiff, Chester Brown, administrator of the estate of M. T. Askew, deceased, is not the real party in interest in the institution and prosecution of this action; that in the event of any recovery in said action, said sum so recovered would not, in law, or in fact, go to the estate of M. T. Askew, deceased, but to the contrary, would be disbursed by the said Chester Brown, administrator, either to the Chero-Cola Bottling Company, or to the insurance company which was carrying the liability and risk on the Chero-Cola Bottling Company; that these answering defendants are not advised as to the name of said insurance company, but they aver and say that said insurance company or the Chero-Cola Bottling Company above mentioned, is the real party in interest, and should be made a party to this action, in order that defendants may be advised of their rights in the premises."

After the answer had been filed by the defendants, Southern Railway Company, and J. E. Divelbliss, the plaintiff in apt time moved that paragraphs 1, 2, 3, 4 and 5 of the third further answer and defense as set out in said answer be stricken therefrom, for that,

"(a) Said defense states a conclusion of law and puts no facts in issue.

(b) It attempts to set up as a further defense that the plaintiff's intestate, M. T. Askew, received compensation under the Workmen's Compensation Act of the State of North Carolina, and that the plaintiff holds said alleged settlement for the benefit of the estate of M. T. Askew, and for that reason the plaintiff is barred from prosecuting this action; and further attempts to set forth that the plaintiff is not the real party in interest and that the sum so recovered would not in law or in fact go to the estate of the said M. T. Askew, but that the insurance company or the Chero-Cola Bottling Company is the real party in interest; that any and all of such facts, if true, raise questions of law and not questions of fact to be passed upon by the jury; that it is expressly provided in the Workmen's Compensation Act of North Carolina, ratified by the General Assembly on 11 March, 1929, in section 11, that the acceptance of an award under this act for compensation for the injury or death of an employee shall operate as an assignment to the employer of any right to recover damages which the injured employee may have against any other party for such injury or death; and that

such employer shall be subrogated to any such right and may enforce in his own name or in the name of the injured employee, or his personal representative, the legal liability of such party.

"And said section of said act further provides that the amount of compensation paid by the employer or the amount of compensation to which the assured or the injured employee or his dependents are entitled shall not be admissible as evidence in any action brought to recover damages, but any amount collected by the employer under the provisions of the section, in excess of the amount paid by the employer or for which he is liable, shall be held by the employer for the benefit of the injured employee or other person entitled thereto, less such amounts as are paid to the employer for reasonable expenses and attorney's fees, when approved by the Commission; and said section further provides that when any employer is insured against liability for compensation with any insurance carrier and such insurance carrier shall have paid any compensation for which the employer is liable, or shall have assumed the liability of the employer therefor, it shall be subrogated to all the rights and duties of the employer and may enforce such rights in its own name and in the name of the injured employee or his personal representative."

When the action came on for trial at June Term, 1931, an order was entered therein by the judge presiding, affirming the order of the clerk making Chester Brown, trading as Chero-Cola Bottling Company, a party defendant, and allowing the motion of the plaintiff that paragraphs 1, 2, 3, 4 and 5 of the third further answer and defense be stricken from the answer.

From this order both the plaintiff and the defendants, Southern Railway Company, and J. E. Divelbliss, appealed to the Supreme Court.

*Harkins, Van Winkle & Walton for plaintiff.*
*R. C. Kelly and Jones & Ward for defendants.*

CONNOR, J. This action is to recover damages for the death of plaintiff's intestate. It is alleged in the complaint that his death was caused by the negligence of the defendant, J. E. Divelbliss, while said defendant was engaged in the performance of his duties as an employee of the defendant, Southern Railway Company. The facts stated in the complaint are sufficient to constitute a cause of action against the defendant, J. E. Divelbliss, arising out of tort, by virtue of the provisions of C. S., 160, and against the defendant, Southern Railway Company, on the principle of respondeat superior. It is well settled, of course, that an employer is liable for damages resulting from the tort of his employee, committed

in the course of his employment. This principle is founded on the maxim of the law that one who does a thing through another, does it himself. *Qui facit per alium facit per se.*

The right to recover damages for the death of a human being caused by the wrongful act of another, did not exist at common law. It is altogether statutory. In this State the right of action is conferred by C. S., 160. In *Hinnant v. Tidewater Power Co.,* 189 N. C., 120, 126 S. E., 307, it is said by *Adams, J.,* "In *Baker v. Bolton,* 1 Camp., 493, *Lord Ellenborough* said: 'In a civil court, the death of a human being could not be complained of as an injury.' Whatever the foundation on which this rule is made to rest—whether on the ground that a personal right of action dies with the person, or that the value of a human life may not become the subject of judicial computation, or that the relation of the parties is terminated by death—it is true as stated in *Insurance Company v. Brame,* 95 U. S., 754, 24 L. Ed., 580: 'The authorities are so numerous and so uniform to the proposition that, by the common law, no civil action lies for an injury which results in death, that it is impossible to speak of it as a proposition open to question. It has been decided in many cases in the English courts and in many of the State courts, and no deliberate, well-considered decision to the contrary is to be found.' Hilliard on Torts 87, sec. 10. *Hatch v. R. R.,* 183 N. C., 617, 112 S. E., 529, *Mitchell v. Talley,* 182 N. C., 683, 109 S. E., 882, *Hood v. Telegraph Co.,* 162 N. C., 70, 77 S. E., 1096, *Broadnax v. Broadnax,* 160 N. C., 432, 76 S. E., 216, *Bolick v. R. R.,* 138 N. C., 370, 50 S. E., 689, *Killian v. R. R.,* 128 N. C., 261, 38 S. E., 873." See *Tieffenbrun v. Flannery,* 198 N. C., 397, 151 S. E., 857, in which the decision rests upon the proposition that the action is statutory and does not exist at common law.

It is well settled, therefore, that the right to maintain an action to recover damages for the death of a human being in the courts of this State, upon the allegation that the death was caused by the wrongful act of the defendant, is conferred by statute, and must be begun and prosecuted in accordance with statutory provisions. It is provided by statute that the action must be begun within one year after the death, by the executor, administrator or collector of the decedent, and that "the amount recovered in such action is not liable to be applied as assets in the payment of debts or legacies, but shall be disposed of as provided in this chapter for the distribution of personal property in case of intestacy." C. S., 137, ch. 1. Damages for the wrongful death may be recovered only by the personal representative of the decedent; the amount recovered must be paid by such representative only to persons designated by the statute as the beneficiaries of the recovery. Such

persons are beneficiaries not primarily because of their relationship to the decedent, as his next of kin, or heirs at law, but by virtue of the statute under which the action is begun and prosecuted to judgment.

It has been held by this Court that a widow has no right of action for the wrongful death of her husband, by reason of her relationship to the deceased as his widow. *Howell v. Commissioners,* 121 N. C., 362, 28 S. E., 362. A father as such cannot recover damages for the wrongful death of his son. *Hope v. Peterson,* 172 N. C., 869, 90 S. E., 141. No part of the amount recovered can be applied to the payment of the widow's "Year's Support," provided by statute, C. S., 4108. *Broadnax v. Broadnax,* 160 N. C., 432, 76 S. E., 216. The personal representative of the deceased holds the amount recovered by him as damages for the wrongful death of the decedent, not as assets of the estate of the decedent, but in trust for the beneficiaries designated by the statute. *Avery v. Brantly,* 191 N. C., 396, 131 S. E., 721.

It must be conceded for the purpose of deciding the question of law presented by plaintiff's appeal from the order of the judge affirming the order of the clerk of the Superior Court of Buncombe County, that the Chero-Cola Bottling Company be made a party defendant in this action, that said company by its negligence, concurring with the negligence of the defendants, J. E. Divelbliss and Southern Railway Company, as alleged in the complaint, caused the death of plaintiff's intestate; that at the time of his death, plaintiff's intestate was an employee of the Chero-Cola Bottling Company and was engaged in the performance of his duties as such employee; that plaintiff's intestate and the said Chero-Cola Bottling Company, by reason of their relation as employee and employer, and of their acceptance thereof, were subject to the provisions of the North Carolina Workmen's Compensation Act; and that in accordance with the provisions of said act, the said Chero-Cola Bottling Company or its insurance carrier, has paid to plaintiff the amount awarded or approved by the North Carolina Industrial Commission, as compensation for the death of his intestate.

On the foregoing facts, the Chero-Cola Bottling Company was liable to plaintiff, as a joint *tort-feasor,* for the damages resulting from the death of his intestate, unless by virtue of the provisions of the North Carolina Workmen's Compensation Act, the said company was relieved of such liability. If the said company is liable as a joint *tort-feasor,* there was no error in the order of the judge affirming the order of the clerk.

In *Hipp v. Farrell,* 169 N. C., 551, 86 S. E., 570, it is said: "Authority here and elsewhere is to the effect that where the wrongful acts of two or more persons concur in producing a single injury, and with or

without concert between them, they may be treated as joint *tort-feasors*, and, as a rule, sued separately or together, at the election of the plaintiff. *Hough v. R. R.*, 144 N. C., 692, 57 S. E., 469. The only case with us which tends to impose any restriction on the position is that of *Guthrie v. Durham*, 168 N. C., 573, 84 S. E., 859, where on a question of primary and secondary liability of joint *tort-feasors*, it was held that, on application of the defendants, the person primarily liable should be made a party, the policy and purpose of our present Code of Procedure requiring that every feature of a given controversy should be settled in one action as far as consistent with the orderly and efficient administration of justice." See *Bowman v. Greensboro*, 190 N. C., 611, 130 S. E., 502.

A plaintiff who has been injured by the wrongful act or acts of two or more persons, who are liable to him as joint *tort-feasors*, may sue one or more of such persons, at his election. But since the enactment of chapter 68, Public Laws 1929 (see section 618 of N. C. Code, 1931), at any time before a judgment is obtained, the joint *tort-feasors* who are sued, may, upon motion, have the other joint *tort-feasors* made parties defendant. This statute is applicable only where the persons sought to be made parties defendant are, upon the facts alleged in support of the motion, liable as joint *tort-feasors*.

In *Conrad v. Foundry Co.*, 198 N. C., 723, 153 S. E., 256, it is said that the General Assembly of this State by its enactment of chapter 120, Public Laws 1929, known as the Workmen's Compensation Act, discarded the theory of fault as the basis of liability of an employer to his employee, when both have become in accordance with its provisions, subject to said act, and conferred an absolute right of compensation on every employee who is injured by an accident arising out of and in the course of the employment. In consideration of the enlarged liability of the employer to an injured employee, the employee is deprived by the act of certain rights and remedies which he had prior to its enactment, both at common law and under statutes of this State. Section 11 of said act (N. C. Code, 1931, sec. 8081(r), expressly provides that "the rights and remedies herein granted to an employee, when he and his employer have accepted the provisions of this chapter, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representatives, parents, dependents or next of kin, as against his employer, at common law or otherwise, on account of such injury, loss of service or death."

By virtue of the foregoing provision of the statute, the Chero-Cola Bottling Company, on the facts appearing in the record, and admitted

for the purposes of plaintiff's appeal, is not liable to plaintiff as a joint *tort-feasor.* The said company has been expressly relieved of such liability by the provisions of the statute. For this reason, there was error in the order of the judge affirming the order of the clerk of the Superior Court of Buncombe County. The order is reversed.

It is further provided in section 11 of chapter 120, Public Laws 1929 (N. C. Code, 1931, sec. 8081(r)), that when "such employee, his personal representative or other person may have a right to recover damages for such injury, loss of service or death from any person other than such employer, he may institute an action at law against such third person or persons before an award is made under this chapter, and prosecute the same to its final determination; but either the acceptance of the award hereunder, or the procurement of a judgment in an action at law, shall be a bar to proceeding further with the alternate remedy." This provision manifestly precludes an employee who has been awarded and paid compensation by his employer for an injury under the provisions of the North Carolina Workmen's Compensation Act, from prosecuting an action against a third person for damages for the same injury; and also precludes an employee who has recovered damages for his injury from a third person, from claiming compensation from his employer under the act. It does not affect the right of the employer or of the insurance carrier, who has paid the award, from maintaining an action against the third person, who by his wrongful act has caused the injury for which compensation was awarded and paid. With respect to the right of the employer to maintain an action against a third person who by his wrongful act has caused an injury to the employee, resulting in damages, it is provided by the statute that "the acceptance of an award under this chapter against an employer for compensation for the injury or death of an employee shall operate as an assignment to the employer of any right to recover damages which the injured employee or his personal representative, or other person, may have against any other party for such injury or death; and such employer shall be subrogated to any such right and may enforce, in his own name, or in the name of the injured employee, or his personal representative, the legal liability of such other party." It is also provided by the statute that where an insurance carrier has paid the compensation awarded to the injured employee, or to his personal representative, the insurance carrier shall have the same right to maintain an action against the third person, as that conferred by the statute on the employer. In either case, the action is prosecuted not in behalf of the injured employee, or of the persons who are designated as beneficiaries of the recovery, under C. S., 160, but

BROWN *v.* R. R.

in behalf, primarily, of the employer or of the insurance carrier. The amount recovered is applied first to the reimbursement of the employer or of the insurance carrier for such sums as may have been paid by either of them to the employee or in case of his death to his personal representative. Only the excess, if any, is payable to the injured employee, or to such persons as may be entitled thereto.

The payment by the Chero-Cola Bottling Company or by its insurance carrier of the award made or approved by the North Carolina Industrial Commission, is not a bar to the prosecution by the plaintiff of this action against the defendants, J. E. Divelbliss and Southern Railway Company. This action is expressly authorized by statute, and neither the Chero-Cola Bottling Company nor its insurance carrier is a necessary or proper party, although they are primarily the beneficiaries in whose behalf the action is prosecuted by the plaintiff as the personal representative of the deceased employee, C. S., 449. The statute provides for the distribution of the amount recovered in the action, if any, and neither the defendant, J. E. Divelbliss, nor the defendant, Southern Railway Company, has any interest in such distribution.

The allegations of paragraphs 1, 2, 3, 4 and 5 of the third further answer and defense are irrelevant. The facts alleged in said paragraphs do not constitute a defense to this action. They are immaterial, and do not affect the right of the plaintiff to recover, nor the amount of the recovery. These paragraphs were properly stricken from the answer, on motion of the plaintiff. C. S., 537. It is expressly provided by statute that "the amount of compensation paid·by the employer or the amount of compensation to which the injured employee or his dependents are entitled, shall not be admissible as evidence in any action brought to recover damages, but any amount collected by the employer under the provisions of this section in excess of the amount paid by the employer or for which he is liable, shall be held by the employer for the benefit of the injured employee or other person entitled thereto, less such amounts as are paid by the employer for reasonable expenses and attorneys' fees when approved by the Commission."

There was no error in the order that paragraphs 1, 2, 3, 4 and 5 of the third further ·answer and defense filed by the defendants be stricken from their answer. The order in that respect is affirmed.

Reversed in plaintiff's appeal.

Affirmed in defendants' appeal.