CHARLES W. McCOY, ADMINISTRATOR OF THE ESTATE OF GEORGE WASHINGTON McCOY, v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 5 May, 1948.)

**1. Death § 4—**

Right of action for wrongful death rests solely upon statute, and the requirement of the statute that the action be instituted in one year after the death must be strictly construed and is not a simple statute of limitations but a condition annexed to the cause of action, and failure of appointment of an administrator does not affect the bar of the statute.

**2. Death § 5—**

Only the personal representative may institute action for wrongful death, which he maintains in his official capacity as a representative of the estate and not as representative of the distributees of the recovery.

**3. Death § 9—**

Under our statute, the distribution of recovery in an action for wrongful death is not made to a designated class but in accordance with the canons of descent and distribution, and the existence or number of possible distributees is immaterial to the right of action and is inadmissible to be shown in evidence.

**4. Death § 4—**

At the time of intestate's death plaintiff administrator was in the armed forces. Plaintiff was appointed administrator within one year after discharge from the army and instituted this suit for wrongful death. Intestate had other adult children not in the armed forces. *Held:* The Soldiers' and Sailors' Civil Relief Act, Title 50, U.S.C.A., sec. 525, does not justify the maintenance of the action more than one year after intestate's death, G. S., 28-173, since plaintiff in an action for wrongful death, even though a distributee, does not maintain the action as in his own right but solely in his official capacity as a representative of the estate.

DEFENDANT'S appeal from *Carr, J.,* December 1947 Civil Term, NEW HANOVER Superior Court.

This action was brought under G. S., 28-173, to recover for the injury and death of George W. McCoy through the alleged negligence of the

defendant.   The evidence of plaintiff discloses that the intestate, George W. McCoy, died around the 19th of August, 1943.   At that time plaintiff, who sues here as administrator, a son of the deceased, was in the military service of the United States, in the 282 Engineers, stationed in the New Georgia Islands.   He was discharged from the army in December, 1945, qualified as administrator on the 21st day of December, 1945, and brought this action by issue of summons dated 21 March, 1946.   From plaintiff's evidence it also appears that there were other adult children of the intestate, and a number of other relatives, in the vicinage who might have qualified in administration of the estate.

On the trial evidence relating to the manner of the injury, negligence of defendant, contributory negligence of the intestate, damages and other matters, was introduced by plaintiff and exceptions taken by defendant, which, in view of the rationale of the decision, it is not necessary to set out.

Evidence in behalf of the defense was also introduced.

At the conclusion of the plaintiff's evidence and again at the conclusion of all the evidence the defendant demurred and moved for judgment of nonsuit.   The motions were overruled and defendant excepted.

The evidence was submitted to the jury on issues of negligence, contributory negligence and damages; and each was answered in favor of the plaintiff.   Damages were awarded in the sum of $2,000.

Thereupon the plaintiff tendered a judgment in accordance with the issues answered for the sum awarded.

The court declined to sign the tendered judgment but, finding that upon the submission of the issues the defendant and the plaintiff had agreed that in lieu of the submission of an issue respecting the military service of the plaintiff and relating to the number and character of the distributees in case of recovery, the judge might find the pertinent facts, the trial judge thereafter found that Charles W. McCoy was in the military service of the United States at the time of the death of his father and continued therein until the 21st day of December, 1945, when he was discharged; and, upon admission of counsel of plaintiff and defendant, found as a fact that there were three adult children of the said George W. McCoy at his death, two sons and one daughter, who were the only distributees entitled to share in the personal estate of the deceased; and being of the opinion that only those of the said distributees who had shown they were in military service and entitled to the benefits of the Soldiers' and Sailors' Civil Relief Act were entitled to shares as distributees in the recovery, and it appearing that said Charles W. McCoy is the only one who has made such showing, reduced the recovery to his proportionate share, the same being $666.67, and costs of the action.

McCoy v. R. R.

The defendant, having preserved its objections taken upon the trial by motion to set aside the verdict for errors committed, which was overruled, objected to the signing of the judgment, excepted and appealed.

The plaintiff, excepting to the reduction of the recovery as above noted, also appealed.

The assignment of error by defendant which is pertinent to this decision is directed to the overruling of its demurrer and motion for judgment of nonsuit made on the ground that plaintiff's action was not brought within one year following the alleged wrongful death as required in G. S., 28-173.

W. L. Farmer, Cicero P. Yow, and Rountree & Rountree for plaintiff, appellee, and as appellant.

Poisson, Campbell & Marshall, By: Wm. B. Campbell, for defendant, appellant.

SEAWELL, J.  Our version of "Lord Campbell's Act," G. S., 28-173, creates a cause of action for the recovery of damages for wrongful death to be brought within one year after such death by the "executor, administrator or collector of the decedent."  It is a newly created right of action: *Bolick v. R. R.*, 138 N. C., 370, 50 S. E., 689; and the provision that the action must be brought in one year after the death is held not to be a simple statute of limitations on the institution of actions, but that it is a condition annexed to the cause of action; *Trull v. R. R.*, 151 N. C., 545, 66 S. E., 586; *Curlee v. Duke Power Co.*, 205 N. C., 644, 647, 172 S. E., 329; the provision as to time is to be strictly construed: *Taylor v. Cranberry Iron Co.*, 94 N. C., 525; *Whitehead v. Branch*, 220 N. C., 507, 17 S. E. (2d), 637; and the fact that no administrator was appointed is immaterial to its lapse: *Best v. Kinston*, 106 N. C., 205, 10 S. E., 997.

The personal representative alone can maintain the action: *Hanes v. So. Public Utilities Co.*, 191 N. C., 13, 16, 131 S. E., 402, only in his official capacity: *Hall v. Southern R. R. Co.*, 146 N. C., 345, 348, 59 S. E., 879; and he sues in his own right and not *en autre droit*: *Christian v. R. R.*, 136 N. C., 321, 322, 48 S. E., 743.

The North Carolina law is materially different from that of most states in that distribution is made, not to designated classes, but in accordance with the canons of descent and distribution: *Hines v. Foundation Co.*, 196 N. C., 322, 145 S. E., 612; and the existence or nonexistence of possible distributees or beneficiaries is immaterial: *Warner v. Western N. C. R. R. Co.*, 94 N. C., 250, 255, 259, or not necessary to recovery; and evidence as to the number of children left is inadmissible: *Kesler v. Smith*, 66 N. C., 154.

McCoy *v.* R. R.

We are called upon to decide whether, under the facts of this case, the plaintiff administrator can call to his aid the Soldiers' and Sailors' Civil Relief Act, Title 50, U.S.C.A., sec. 525, so as to legally justify the maintenance of this action, brought more than one year after the death, but within one year after the discharge of the soldier from military service.

The pertinent provisions of the cited section of the Federal Act is as follows:

> "The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court, board, bureau, commission, department, or other agency of government by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service, nor shall any part of such period which occurs after the date of enactment of the Soldiers' and Sailors' Civil Relief Act Amendments of 1942 (Oct. 6, 1942) be included in computing any period now or hereafter provided by any law for the redemption of real property sold or forfeited to enforce any obligation, tax, or assessment."

The more familiar cases involving stay of proceedings against soldiers and sailors, and especially those which turn on the discretion of the trial court, of which *Lightner v. Boone,* 222 N. C., 205, 22 S. E. (2d), 426, 319 U. S., 561, 87 L. Ed., 1587, is pre-eminently an outstanding example, are of little aid to us in the instant case which is concerned with the right of a *prospective plaintiff,* or a petitioner, or at least an actor, under the cited statute.

It is questionable whether the statute was intended to apply to probate proceedings and estates of decedents at all. See 42 Michigan Law Review, pp. 480, 482, *et seq.* But in deference to the liberality with which the Act must be construed, conceding that it may be so applied to qualified situations, we have only removed the outer shell of the Chinese egg laid upon our table. We may remove another by assuming, but not deciding, that the act affects not only ordinary statutes of limitation and those providing a condition precedent for their institution, but also those, like ours, where the period in which suit may be brought is affixed to the cause of action. Still, the phraseology, carefully chosen, marks the limit to which Congress thought it best to go. It seems to us that it was not the intention of the Act to hold up administration until one of many

McCoy *v.* R. R.

eligible persons might administer; or, if such a person has administered and brought suit in his official capacity, that it should be regarded as a suit brought by the Sailor or Soldier designated in the Act in his individual right, merely because of his interest in a contingent recovery of damages in a suit brought in behalf of decedent's estate, however it might be if the distribution, in case of recovery, was in dispute. Here that is fixed by law.

Section 525, on which the appellee relies, omitting matter not pertinent to this case, merely provides that "the period of military service shall not be included in computing any period . . . limited by any law . . . for the beginning of any action . . . *by* or *against* any person in military service. . . ." If such an action were brought by a representative of the soldier or sailor in such a manner that the action in reality, though not in form, is an action brought *by* such soldier or sailor, then the purpose of the statute could only be served by looking through the form to the substance. But our courts have distinctly held that the administrator bringing his action under G. S., 28-173, brings it as a representative of the estate in an official capacity; and neither by statute nor by precedent of the courts has the potential distributee of any recovery, as such, any right to bring the action. Nor has the administrator bringing it as a representative of any such person any such right. *Hanes v. Southern Pub. Utilities Co., supra; Hall v. Southern R. R., supra; Christian v. R. R., supra; Halle v. Cavanaugh,* 111 Atl., 76.

The evidence discloses that there were two sons and a daughter, and probably other relatives, in a position to know of the occurrence on which an action might be founded, certainly eligible for appointment to the administration. In fact, there is evidence tending to show that one of them did, in an action now pending, to which we have not found it necessary to advert.

At any rate, we are constrained to hold that the most liberal construction of the Soldiers' and Sailors' Act does not warrant us in holding that it has such application to the present proceeding as to justify its maintenance.

The case should have been nonsuited, and the order to the contrary is

Reversed.