No. C-6254—HORACE JOURNIGAN v. LITTLE RIVER ICE COMPANY.
No. C-6255—DORIS MAY JOURNIGAN, ADMX., v. LITTLE RIVER ICE
COMPANY.
No. C-6256—ALICE JOURNIGAN, ADMX., v. LITTLE RIVER ICE COMPANY.

(Filed 2 February, 1951.)

1. **Executors and Administrators § 9d: Death § 5—**

Where in an action for wrongful death it is admitted that plaintiff had not qualified as administratrix, the court properly allows defendant to withdraw the admission in the answer of due qualification, to take voluntary nonsuit on its cross-action, and thereupon to dismiss plaintiff's action.

2. **Trial §§ 22a, 22b—**

On motion to nonsuit, plaintiff's evidence is to be taken as true and defendant's evidence in conflict therewith is to be rejected.

3. **Automobiles §§ 13, 18h (3)—Nonsuit on ground of contributory negligence held properly denied.**

Plaintiffs' evidence was to the effect that defendant's truck was traveling over the crest of a hill and speeded up in an effort to get around cars parked partly on the hard surface on its right side of the road and get back on its right side of the road before meeting the plaintiffs' vehicle, and that the driver of plaintiffs' vehicle, traveling at a lawful speed, was forced to apply his brakes so that the car skidded to its left, and that the collision occurred on its left of the center of the highway, but before the back of the truck had crossed the center line to its right. *Held:* The fact that the collision occurred slightly to plaintiffs' left of the center line of the highway is not conclusive upon the issue of contributory negligence, and nonsuit on the ground of contributory negligence was properly denied.

4. **Death § 8—**

In an action for wrongful death it is error to permit plaintiff administratrix to testify that intestate, who was her husband, had just come out of military service, as to the length of time he had been in the service, that they had a child two years old at the time of his death, and that she lost the home place to the mortgage people after his death, and that she paid his hospital and doctors' bills and burial expenses.

5. **Same—**

The measure of damages for wrongful death is the present worth of the net pecuniary value of the life of deceased, to be ascertained by deducting the probable cost of his own living and his usual or ordinary expenses from his probable gross income which might have been expected from his own exertions during his life expectancy, taking into consideration his age, health, earning capacity, habits, ability, skill and his employment.

APPEALS by defendant in first two cases and by plaintiff in third case, from *Grady, Emergency Judge,* March Term, 1950, of WAKE.

Civil actions to recover damages for personal injuries and for wrongful deaths alleged to have been caused by the negligence of the defendant in a truck-automobile collision.

As all three cases arose out of the same collision and are grounded on the same state of facts, they were, by consent, consolidated and tried as one case. However, as each case presents here a different question for decision, it will be necessary to separate them, in part at least, after stating the basic facts.

The record discloses that on the afternoon of 13 February, 1948, Milton Journigan invited his two brothers, Horace Journigan and Clyde Louis Journigan, and his uncle, Genie M., Journigan, to go with him to Wake Forest to see a show. They were traveling in Milton Journigan's Kaiser automobile, Milton driving, in a northerly direction along the Rolesville-Wake Forest paved highway when they collided with defendant's 1946 Chevrolet two-ton truck, loaded with coal, and being driven in a southerly direction by defendant's employee and agent, Paul Leslie Brown. The scene of the collision was in front of the Robert Edwards house, which stands near the road on the western side at the crest of a hill. A death had occurred in the Edwards home, and several automobiles were standing or parked on the western shoulder of the road and partly on the hard-surface. A heavy snow had fallen some days before, and there were spots of snow and ice on the highway. A heavy fog prevailed and visibility was low.

As the plaintiffs approached the Edwards house they saw the defendant's truck loom up over the crest of the hill on their side of the road. Apparently the truck speeded up in an effort to get around the parked cars and back on its side of the road before meeting the plaintiffs. In this it failed. Milton Journigan put on his brakes which caused his automobile to skid sideways and slightly to his left and the two vehicles collided somewhat over the center line on the plaintiffs' left, but before the truck had entirely cleared the center of the highway.

During the trial of the consolidated causes and before the evidence was closed, it was made to appear to the court that in No. C-6256 Alice Journigan had never qualified as administratrix of the estate of her deceased husband, Genie M. Journigan. Whereupon the court allowed the defendant to withdraw the admission made in its answer to plaintiff's allegation of due qualification and to suffer a voluntary nonsuit on its cross-action and counterclaim, and dismissed the plaintiff's action. Exception.

The defendants denied all allegations of negligence made by the plaintiffs, filed a cross-action and counterclaim against Horace Journigan and the administratrix of Milton Journigan and also pleaded contributory negligence in bar of their right to recover.

Upon issues thus joined and raised by the pleadings in the first two cases, Nos. C-6254 and C-6255, the jury returned the following verdicts:

"1. Was Milton Journigan killed and Horace Journigan injured in his person by the negligence of the defendant, Little River Ice Company, Inc., as alleged in the complaint?    Answer: Yes.

"2. If so, was Milton Journigan also guilty of negligence which contributed to his death, as alleged in the answer?   Answer: No.

"3. Was the defendant's truck injured by the negligence of Milton Journigan, as alleged in the defendant's cross-bill and counterclaim? Answer: No.

"4. What amount of damages, if anything, is Doris M. Journigan, Administratrix of Milton Journigan, deceased, entitled to recover of the defendant because of the wrongful death of her husband, Milton Journigan?   Answer: $5,000 plus $607.00.

"5. What amount of damages, if anything, is Doris M. Journigan, Administratrix, entitled to recover of the defendant because of injuries to the Kaiser automobile belonging to her deceased husband?   Answer: $2100.00.

"6. What amount of damages, if anything, is Horace Journigan entitled to recover of the defendant?   Answer: $1250.00 plus $1249.77.

"7. What amount of damages, if anything, is the defendant entitled to recover of Doris M. Journigan, Administratrix of Milton Journigan, deceased, because of injuries to and damages incident to the injuries to its Chevrolet truck?   Answer: None."

From the order of the court dismissing the plaintiff's action in No. C-6256, she appeals, assigning error; and from judgment on the verdict in the first two cases, Nos. C-6254 and C-6255, the defendant appeals, assigning errors.

*Bickett & Banks for plaintiff, appellant, and plaintiffs, appellees.*

*A. J. Fletcher and F. T. Dupree, Jr., for defendant, appellant, appellee.*

STACY, C. J.   Three separate questions are presented for decision in the appeals herein.

*First.   Plaintiff's Appeal in No. C-6256—Alice Journigan Case:*

In the face of the admission that Alice Journigan has not in fact qualified as administratrix of Genie M. Journigan's estate and that no personal representative has ever been appointed to administer thereon, it is difficult to perceive how Alice Journigan finds any ground upon which to stand as an appellant.   She denominates herself on appeal as "The plaintiff,"

but there is no such plaintiff as "Alice Journigan, administratrix of Genie M. Journigan, deceased," and she may not prosecute the action in her individual capacity. *Howell v. Comrs.,* 121 N.C. 362, 28 S.E. 362; *Hood v. Tel. Co.,* 162 N.C. 70, 77 S.E. 1096. "Under the statute, the only person who can sue is the personal representative of the deceased." *Howell v. Comrs., supra; Hall v. R. R.,* 149 N.C. 108, 62 S.E. 899; *Brown v. R. R.,* 202 N.C. 256, 162 S.E. 613, 74 A.L.R. 1273; *Whitehead v. Branch,* 220 N.C. 507, 17 S.E. 2d 637; *McCoy v. R. R.,* 229 N.C. 57, 47 S.E. 2d 532.

Indeed, where one sues as administrator, upon denial of his right to recover, he may be required to produce on the trial his letters of administration as evidence of his title. *Kesler v. Roseman,* 44 N.C. 389.

If and when Alice Journigan does in fact qualify as administratrix of her husband's estate, will be time enough to hear her as such representative. *Harrison v. Carter,* 226 N.C. 36, 36 S.E. 2d 700; *Snipes v. Estates Administration,* 223 N.C. 777, 28 S.E. 2d 495; *Reynolds v. Cotton Mills,* 177 N.C. 412, 99 S.E. 240.

On the record as it now appears, there was no error in dismissing her action.

*Second. Defendant's Appeal in No. C-6254—Horace Journigan's Case.*

The principal question for decision in this case is whether the plaintiff's evidence, taken in its most favorable light, survives the demurrer, carries the case to the jury, and suffices to sustain the judgment for plaintiff.

The plaintiff's evidence is in sharp conflict with that of the defendant in respect of the speed of the two vehicles, especially as it relates to the speed of the Journigan car. The plaintiff's witnesses place the speed of the truck at 30 miles an hour and that of the car at 30 or 35 miles an hour. Defendant's witnesses, on the other hand, testified that the truck was traveling approximately 15 or 20 miles an hour, "not over 25 to 30" miles an hour before the collision, and had stopped or was not going over five miles an hour at the moment of impact, and that the Journigan car was running between 70 and 90 miles an hour, which caused it to skid on the slippery road when the driver applied his brakes.

On demurrer to the evidence or motion for judgment as in case of nonsuit we take the plaintiff's evidence as true and reject the defendant's evidence in conflict therewith. *Brafford v. Cook,* 232 N.C. 699.

The fact the impact occurred slightly over the center line and on the western side, which was to the plaintiff's left, is not controlling or conclusive on the issue of contributory negligence. It is the position of plaintiff that the truck looming up over the hill on its left side of the road and speeding up in order to get around the parked cars before returning

to its right side of the road, forced the driver of the Journigan car to apply his brakes and thus produced the collision.

The trial court properly overruled the demurrer to the evidence and submitted the case to the jury. *Williams v. Kirkman,* 232 N.C. 609, 61 S.E. 2d 706; *Howard v. Bell,* 232 N.C. 611.

We find no error in No. C-6254—Horace Journigan's Case.

*Third. Defendant's Appeal in No. C-6255—Doris May Journigan's Case:*

This case stands on a parity with No. C-6254—Horace Journigan's Case, so far as the question of nonsuit is concerned. What has just been said in that case applies equally here.

There is a bit of evidence in this case, however, which requires some additional and separate consideration.

Over objection, the plaintiff was allowed to testify that her husband, Milton Journigan, had just come out of the military service and the length of time he had been in the service; that they had a child, two years old, at the time of his death; that she lost the home place to the mortgage people after his death, and that she paid his hospital and doctors' bills and burial expenses amounting to $655.00. Motion to strike; overruled; exception.

Under the pertinent decisions, it would seem that this evidence was incompetent on the measure of damages. *McCoy v. R. R.,* 229 N.C. 57, 47 S.E. 2d 532.

It is provided by G.S. 28-174 that in an action for wrongful death the plaintiff may recover such damages "as are a fair and just compensation for the pecuniary injury resulting from such death." It is further provided in G.S. 28-173 that the amount recovered in such action is not liable to be applied as assets of the estate of the deceased, except as to burial expenses, "but shall be disposed of" according to the statute of distributions of personal property in case of intestacy. *Hanks v. R. R.,* 230 N.C. 179, 52 S.E. 2d 717.

The measure of damages in actions for wrongful death is the present worth of the net pecuniary value of the life of the deceased to be ascertained by deducting the probable cost of his own living and usual or ordinary expenses from his probable gross income which might be expected to be derived from his own exertions during his life expectancy. *Carpenter v. Power Co.,* 191 N.C. 130, 131 S.E. 400; *Gurley v. Power Co.,* 172 N.C. 690, 90 S.E. 943. In arriving at the net pecuniary value of the life of the deceased, the jury is at liberty to take into consideration the age, health and expectancy of life of the deceased, his earning capacity, his habits, his ability and skill, the business in which he was employed and the means he had for earning money, the end of it all being, as

expressed in *Kesler v. Smith,* 66 N.C. 154, to enable the jury fairly to arrive at the net income which the deceased might reasonably be expected to earn from his own exertions, had his death not ensued, and thus assess the pecuniary worth of the deceased to his family, had his life not been cut short by the wrongful act of the defendant. *Burns v. R. R.,* 125 N.C. 304, 34 S.E. 495; *Burton v. R. R.,* 82 N.C. 505.

A new trial will be ordered in this case, limited, however, to the issues of damages.

The results, then, are:

In No. C-6256—Alice Journigan's Case, Affirmed.

In No. C-6254—Horace Journigan's Case, No error.

In No. C-6255—Doris May Journigan's Case, Partial new trial.